Mr. Chief Justice Marshall
 

 delivered the opinion of the Court.—
 

 In the year 1813, James Henderson and his wife, filed their bill in the Court of the United States, for the seventh circuit, and district of Kentucky, stating, that Alexander Horsburg, the former husband of the plaintiff, did, by deed, bearing date the 25th day of April, in the year 1787, confirm to Martin Baker, and Hannah his wife, for their lives and the life of the survivor, then residing in the county of Halifax, in Virginia, a negro girl named Charlotte, previously loaned to them; (which deed was recorded,) reserving to himself and his heirs, the reversion of the said slave, and her increase; and prohibiting any alienation of them, under the penalty of forfeiting the loan.
 

 This deed was recorded on the 4th day of July 1787, in the Court of Hustings, for the town of Petersburg; the town in which the said Horsburg resided. The bill further states, that the said Alexander Horsburg departed this life in the year 1798, having first made his last will in writing, whereby he bequeathed the residue qf-his estate to his wife, who afterwards intermarried with the plaintiff, James Henderson.
 

 The bill proceeds to state, that Martin Baker and wife have removed to Kentucky with the slave Charlotte, and her increase; whom they profess to hold as their absolute property: and that the plaintiffs fear, that thev will be secreted, or conveved
 
 *234
 
 out of the state to places unknown. The plaintiffs further al lege, that they are unable to' prove the identity of the said slaves, and pray, that the said Baker and wife may.be compelled .to discover their number, and names; and may be decreed to give security for their forthcoming, when-the life estate should determine.
 

 The Court' awarded an injunction, to restrain the defendants from removing Charlotte, and her issue, out of the state. •
 

 In May 1814, the plaintiff, James Henderson, filed an amended and supplemental'bill, stating -the death of his wife, and praying that the suit might be continued in his name.’-The bill also states, that Baker and wife had sold Charlotte and her increase to Francis Clarke and Robert Boyce; who intend removing them out of the state, and concealing them. It prays that the slaves may be rendered to the plaintiff, and that Clarke and Boyce may be restrained from removing them. The Court extended the injunction to the other defendants. The defend-, ants, Baker and wife, file' their answer denying.the loan; and insisting that certain friends of the defendant, Hannah, subscribed the sum of forty-three pound's, which w'as placed in the hands of Alexander Horsburg, to'purchase the slave Charlotte-for her. They insist on their title, but give.afull description of all the descendants of.Charlotte.
 

 . The defendants, Clarke and Boyce, also deny the right of the complainant.
 

 In 1817, the plaintiff again amended his bill, and charged, that Baker and wife had brought the deed from Horsburg with them into Kentucky; as their title to Charlotte.
 

 In November 1819, Junius K. Horsburg appeared, by his attorney, and leave was given him to file a bill of revival. The bill is filed by the said Horsburg, as the administrator and de-visee of James Henderson, and as the heir and only child of Mrs. Henderson, the wife of the said James, and the former wife and devisee of Alexander Horsburg.
 

 The bill recites the previous proceedings in the cause — exhibits the will of James Henderson, and his letters of administration, and charges the sale to Boyce and Clarke, since the institution of this suit, who purchased at a low price, with th.c intention of removing the'slaves beyond the jurisdiction of the Court.
 

 .In answer to this bill, Baker and wife say, that, in the year 1773, Thomas Simmons, and others, named in the answer, contributed forty-three pounds, for the purpose of purchasing a negro girl, for the said Hannah, which sum was placed in the hands of Alexander Horsburg, as their agent, with instructions to convey the said negro to the 'defendants for their lives; and to their children, after the death of the survivor. They believe
 
 *235
 
 this plan was adopted, for the purpose of protecting the property thus given by her friends, from the creditors of her husband. Under these instructions, Charlotte was purchased, and delivered to them." In the year 1787", after the defendants had been in peaceable possession of Charlotte, about fourteen years; the said Horsburg, without any previous communication of any sort, sent to them, then residing in Halifax, about 120 miles from Petersburg, the deed; a copy whereof is annexed to their answer. They also say, that, on the same day, the said Hors-burg executed another writing, obliging himself to convey Charlotte and her increase, after the death of the defendants, to their children, to which they refer, as being filed in the office of the Circuit Court for the county of Garrard. They also refer to a letter, written by the said Horsburg, which they say was given up to be filed in the cause.
 

 In MayT824, leave was given to file an amended bill, and the cause was sent to the rules for further proceedings.
 

 The amended bill charges, tha?’ Clarke and Boyce purchased, not only pending the suit, but with knowledge in fact thereof; — that they purchased the said slaves for a trifle, less than half their value, in consequence of an agreement to take upon themselves the risk of the title.
 

 The deposition of John T. Mason states, that the deponent, as counsel for the original plaintiff, called on the defendants, Baker and wife; who, after some time, admitted, that they claim Charlotte and her offspring, under a deed, from Alexander Horsburg, which they showed him.
 

 It is a copy, or the original of the deed, filed in the cause.. They also showed the witness several other papers and letters in relation to the subject, and particularly two letters from Alexander Horsburg, which he believes to be the same, or to the same purport, with those filed in the cause.
 

 The copy of the deed of 1787, recorded in the Court for the town of Petersburg, is filed, together with the will of Alexan-ander Horsburg, and of James Henderson; but neither the subsequent deed, stated in the answer of Baker and wife to have ' been executed by Alexander Horsburg, for the purpose of securing Charlotte and her offspring, to the children of Baker and wife, nor the letters from Horsburg, are found on the ’ record.
 

 The last amended bill was taken for confessed, and the cause set down for hearing. The Court directed the bill to be dismissed.
 

 Baker and wife being alive, the plaintiff could have no pre-tence to recover the slaves claimed by the amended bill, except under the clause of forfeiture for alienation, which the deed contains.
 

 
 *236
 
 As a Court of Chancery is not the proper tribunal for enforcing forfeitures, no decree for the purpose of effecting that object, ought to have been made. But the plaintiff had a right to apply to the Court of Chancery for a discovery, in order to enable him to proceed at law, either immediately, or on the death of Martin Baker and his wife; and also, for an injunction, to restrain the-tenants for life from removing the slaves out of the country. The decree dismissing the bill, entirely defeats both these objects.
 

 The bill, therefore, ought not to have been dismissed, unless the plaintiff had failed to show any title which might be litigated in a Court of law. The Court will not, in this case, decide upon the title; but is of the opinion, that it authorizes the plaintiff to come-into a Court of Chancery to pray'for a discovery; and, as there was* reason to fear that the property would be removed, to obtain security for its forthcoming, if the title should be determined in his favour. This bill was, in its origin,-merely a bill of discovery, and
 
 quiatimek
 
 Before, the answer was filed, the original defendants are alleged to have sold the slaves, and, by that act, to have forfeited their life estate. The amended bill,- therefore, prays a decree for the slaves themselves. After this bill was filed, the defendants, Baker and ■wife, answer; and make the discovery with respect to the de* scendants of Charlotte. —
 

 In this state of the cause, the plaintiff
 
 dies,
 
 and his administrator and devisee, files, a bill in the nature of á bill of
 
 revivor.
 

 After answer and discovery, the rule is, that a suit brought merely for discovery, cannot be revived. 1
 
 Mad. 217. 1 Dick,
 
 133. 10
 
 Vez.
 
 31. Its object is obtained, and the plaintiff has no motive for reviving it. But such a bill ought not to be dismissed, 1
 
 Mad. 217.
 
 1
 
 Atk.
 
 286.
 

 The Court might properly order, that no further proceedings be had in the case. Had this bill, then, been merely a bill of discovery; at the death of the original plaintiff, it ought, not to have been sustained in the name of his devisee; because the discovery was made. But it had .then become a hill for relief. The relief, however, prayed, is for a forfeiture, which might have been enforced at law. The present plaintiff was in possession of all the evidence which was necessary to support his action at law, and was not driven into a Court of Chancery for the purpose of obtaining its aid. In such circumstances, it was proper to dismiss the bill, so far as it sought relief on the ground of forfeiture; but it ought to have been dismissed, without prejudice to the legal rights of the plaintiff; an absolute dismission may be considered as a decree against the title.
 

 The decree, therefore, is to be reversed, and the cause re
 
 *237
 
 manded, with directions to dismiss the bill, so far as it asks relief; without prejudice.
 

 The injunction may- be continued in the discretion of the Court, till the plaintiff has time to institute a suit at law.
 

 This cause came on, 8tc., on consideration whereof, This Court is of opinion, that, after the discovery sought by the original bill was obtained, the suit ought not to have been revived, nor ought the bill, in the nature of a bill of revivor, to have been entertained; because the relief sought by that bill, was solely to enforce a forfeiture, to which the plaintiff’s title, if He has any, is complete at law. It was therefore proper to refuse the relief for which that bill prayed; but as a general decree for a dismission on the merits, may be considered as a decree against the title, on which the Court ought not to have decided, the bill ought to have.been dismissed, without prejudice. It-is, therefore, the opinion of this Court, that there is error in so much of the decree of the Circuit Court, as dismissed the bill of-the plaintiff generally; and that the said decree ought to be reversed, and the cause remanded to the Circuit Court, with directions to dismiss so much of the plaintiff’s bill, as prays relief on the ground of forfeiture; and to continue the injunction at the discretion of the Court