The Chancellor.
"When this cause was formerly before the court upon demurrer to the bill, it was held that the defendants in the original suit were entitled to revive the suit for the purpose of appeal, and that the bill, upon its face, was not demurrable. (2 Beasley 186.) Since then the defendants have answered, setting up new facts, which have occurred since the filing of the bill in the original suit, as reasons why the suit should not be revived.
The most important, and the only fundamental objection urged against a decree of revivor is, that the complainants have no right of appeal. If the right of appeal is lost, the complainants can have no right to a decree of revivor. The court will not do a more nugatory act. It seems that the complainants in the original suit can have no right to revive, for as to them the object of the suit is obtained. Horsberg v. Baker, 1 Peters 235.
The decree sought to be revived bears date on the twenty-fourth of October, 1857. Felly Peer, the complainant in the original bill, whose death rendered the bill of revivor necessary, died on the first of Fovember, 1859. The bill of revivor was filed on the fifth of July, 1860, within three years from the date of the decree and within the time limited for appeal. It appears that one of the appellants at the time of the decree was and still is a married woman. As to her, the statutory bar does not operate, but the right of appeal continues for three years after such disability shall be removed. Nix. Dig. 106, § 80. The statute does not deprive her of the right of appeal pending her coverture, but extends the right after the disability of coverture is removed. This is the settled rule in the construction of the statute of limitations. Angell on Lim., ch. 19, § 4; Chandler v. Vilett, 2 Saund. 121, a, note.
As to one of the complainants, therefore, the right of appeal, and consequently the right of revivor, is clear. But the effect of the revivor is simply to substantiate the original *364 suit. How can it be revived as to one, and not as to all ? And if the right of appeal of any one or more of the complainants be lost the case is not altered. One of several persons against whom a joint decree is rendered may appeal, and carry up the whole case for review. Johnson v. Johnson, 1 Dana 364; Emerick v. Armstrong, 1 Ham. 513.
If, therefore, the time limited for appeal by the statute continues to run, notwithstanding the death of the complainant in the original suit, and notwithstanding the filing of the bill of revivor (upon which it is unnecessary to express any opinion), the right of appeal in this case is not lost, and the right of revivor consequently remains.
But it is further objected that there can be no right of appeal, because the decree is executed by the statute. The statute declares that when a decree shall be made for the conveyance of lands, such decree shall of itself pass'the title, estate, and interest of the party directed to be conveyed as therein directed', notwithstanding any disability of such party. Nix. Jig. 107, § 6.
The decree directs the heirs-at-law of Tunis Peer, deceased, the complainants in this suit, who were also defendants in the original suit, within sixty days from the date of the decree, to. execute and deliver to Nelly Peer, the complainant in the original suit, a good and sufficient deed of conveyance for the premises in dispute, free from all encumbrances created by their ancestor, Tunis Peer, or by themselves since his death, and declares that in default of such conveyance the decree shall of itself pass the title of said lands to the complainant according to the statute in such case made and provided.
The objection, if rightly understood, is that as no appeal was taken within the. sixty days limited for the execution of the conveyance, the statute has executed the decree, and vested the title absolutely in the party to whom the conveyance was ordered to be made; that the title so vested cannot be disturbed, and that consequently no appeal will lie.
The statute does, in terms, vest the title in the party to *365 whom the decree is directed to be made, and thus execute the decree, whether an appeal be or be not taken within the time limited for the conveyance. But the statute does not, in terms at least, take away or limit the right of appeal. That was not the design of the statute. Nor does the fact that a decree is executed deprive the party of his right to appeal. It is in fact every day’s practice to appeal from de^ crees after they have been executed. Nor does an appeal as a matter of course arrest proceedings upon a decree. Unless restrained by an order of the court, the complainant may proceed, notwithstanding an appeal, to final execution. The execution of the decree, either before or after the appeal, in no wise interferes with the right of appeal, or with the proceedings upon it. What may be its effect upon the remedy to which the appellant may be entitled upon a reversal of the decree is another matter, which is not now in question.
II. It is objected that the proper parties are not before the court. A bill of revivor, properly so called, lies where a death intervenes, and it is necessary to bring the proper representatives of the deceased party in the realty or in the personalty before the court. In such case there is no other fact to be ascertained than whether the new party, brought before the court as executor or heir-at-law, has the character imputed to him. If he has, the revivor is of course. Story’s Eq. Pl., § 377.
But if the death of the party is attended with such a transmission of his interest that the title to. it, as well as the person entitled, may be litigated in the Court of Chancery, as in the case of a devise of real estate, the suit cannot bo continued by a bill of revivor. An original bill, in the nature of a bill of revivor, upon which the title may be litigated must be filed. Story’s Eq. Pl., § 377, 378.
And hence a devisee or alienee cannot bring a bill of revivor for want of privity; and the reason is, that the heir or executor may have a right to contest such disposition, and therefore he must bring his original bill, and make the heir *366 or executor a party. Backhouse v. Middleton, 1 Cas. in Chan. 174; 1 Equity Cas. Ab. 2.
Wherever there has been a devise of real estate, and the design is to revive the suit, either in favor of or against the devisee, the devisee and heir must both be made parties complainants or defendants. ■ Where the defendant dies, and the complainant desires to revive the suit against the devisee, the heir and devisee axe both made defendants. 1 Hoffman’s Chan. Pr. 379, 3SO; 3 Hoff Ch. Pr., Precedent No. 129,130.
The case before the court is somewhat anomalous. The complainants are themselves the heirs of Nelly Peer, the ■complainant in the original bill. The defendant in the bill of revivor and supplement is her devisee. So it is charged in the bill of revivor, and not denied by the answer. The answer also alleges that Cookerow has title as the grantee of Nelly Peer, but that does not affect the question under consideration. The complainants then, being the heirs-at-law of Nelly Peer, seek to revive a decree in favor of their ancestor, in the name of her devisee, against themselves. They claim that they are the heirs, and they admit that Cookerow, in whose favor they ask the decree to be revived, ig the devisee. This Cookerow does not deny. But it is alleged, in his answer, that the land was devised to him by Nelly Peer, upon the consideration that he should live with her during her life, and take care of and support her without charge. But the answer does not allege that the condition was not performed, nor does it deny that he claims title in his individual right. The averment is therefore immaterial. ,
It is claimed that the executors of Nelly Peer are necessary parties. The fact that by her will she directed her executors to prosecute this suit does not make them necessary parties as. executors; they have no. interest in the subject matter or in the event of the suit.
Daniel and Abraham Peer, who. were parties to the original suit, are not necessary or proper parties to the bill of revivox\ As to them, no decree of revivor is necessary. *367 They can neither execute the decree nor be the object of its operation. Ho other persons are proper parties to a bill of revivor. Cooper's Eq. Pl. 71: Mitford’s Eq. Pl., by Jeremy, 79; Story’s Eq. Pl., § 376.
I think all the necessary parties are before the court.
The complainant is entitled to a decree.