# CHARLESTON.

CRAIG v. HUKILL, et al.

Submitted September 15, 1892.—Decided December 22, 1892.

EQUITY JURISDICTION—FORFEITURE.

Equity will not enforce a forfeiture. It will not divest a vested estate by enforcing a forfeiture for the breach of a subsequent condition. In such case the party is left to his legal remedy.

O. JOHNSON for appellant:

I.—*Court had no jurisdiction to proceed to a partition.*—15 Am. Dec. 712 ; Id. 731 ; 42 Am. Dec. 163 ; 47 Am. Dec. 358 ; 45 Am. Dec. 552 ; 13 Pet. 166 ; 4 Rand. 493 ; 18 How. 297 ; 67 Am. Dec. 733 ; 77 Am. Dec 684.

II.—*If the court had jurisdiction the relief could not be granted, because a court of equity never enforces forfeiture.*—36 W. Va. 639 ; 40 N. H. 530 ; 31 Conn. 468 ; 15 Wall. 146 ; 1 Pet. 232 ; 2 Sto. Eq. § 1319 ; 1 Johns. Ch'y 415.

III.—*There was no forfeiture in this case.*—80 Pa. St 142; 36 W. Va. 639 ; 34 W. Va. 375 ; Id. 397 ; 1 Wall. 24 ; 98 U. S. 514 ; 17 Wall. 19 ; 96 U. S. 336 ; 22 N. J. Eq. 457 ; 4 W. Va. 45 ; 6 W. Va. 110 ; 18 Gratt. 812 ; 16 W. Va. 246 ; 24 W. Va. 1 ; 12 W. Va. 246 ; 13 Ohio St. 471.

IV.—*The deed did not give such title as authorized partition.*—6 Mo. App. 297.

V.—*The Oil and Gas under the surface could not be partitioned.*—15 Am. Dec. 669 ; 28 W. Va. 210 ; 41 Pa. St. 357 ; 80 Pa. St. 142.

KECK, SON & FAST for appellant :

*Lease under which appellant claims should be held good.*—34 W. Va. 375 ; 36 W. Va. 639.

W. P. HUBBARD for appellant :

I.—*Equity will not enforce forfeiture.*—1 Pom. Eq. Juris. §§ 459, 460 ; 34 W. Va. 375 ; Id. 385.

II.—*Oil in the Rock can not be transferred by such an agreement.*—28 W. Va. 210, 218, 220.

III.—*Tenant in common can not convey oil right so as to affect his co-tenants.*—19 N. J. Eq. 394 ; Freem. Coten. & Part. § 198 ; 7 Cush. 368.

IV.—*Craig not entitled to have partition made.*—Code (1891) c. 79 ; 19 N. J. Eq. 394 ; 56 Miss. 342 ; 7 Watts. 205 ; 9 Watts 410 ; 16 Gratt. 264 ; 65 Cal. 46 ; 44 N. J. Eq. 454.

V.—*Admissibility of Evidence.*—12 S. E. Rep. 526 ; 4 W. Va. 45 ; 6 W. Va. 110 ; 18 Gratt. 812 ; 16 W. Va. 443 ; 12 W. Va. 246 ; 22 W. Va. 1 ; 22 N. J. Eq. 457 ; 17 Wall. 19, 24, 25 ; 98 U. S. 514 ; 128 U. S. 590.

Cox & BAKER for appellee, cited 11 S. E. Rep. 754; 36 W.
639; 88 Pa. St. 198; 58 Ia. 308; 2 Kent. Com. 228, 230 &
n.; 19 Ves. 122; 11 Ves. 278; 32 Ga. 266; 72 Ga. 475; 8
Barb. 48; 3 Yerg. 336; 50 Mo. 546; 75 Mo. 204; 33 Conn.
347; 71 Ala. 240; 11 Pa. St. 36; Walk. Eq. 145; 79 Va.
73; 69 Ia. 208; 12 B. Mon. 651, 662; 57 Ill. 489; 2 Beasl.
348; 60 Pa. St. 118; 9 Am. & Eng. Ency. L. 113 (h); 5
Wait Ac. & Def. 82; 2 Gratt. 341; 118 Pa. St. 42.

BRANNON, JUDGE:

W. M. Davis executed to David Kennedy a lease of a
tract of land for a term of years for the purpose of drilling
for petroleum oil, which lease has come by assignment to
E. M. Hukill. The deed of lease contains a covenant on
the part of the lessee to commence operations for develop-
ment of oil within nine months, or for payment of a cer-
tain sum of money *per* month until commencement of work,
with a provision that a failure to do the one or the other
should work an absolute forfeiture of the lease.

Afterwards Davis executed an instrument by which he
agreed to sell to H. P. Griffith all the oil and gas under the
said tract, and Griffith transferred all his right in said tract
to Joseph W. Craig. Davis had a life-estate in said tract
with remainder in fee for his children; and by the death of
one of them he inherited an undivided one fifth share there-
in. Hukill claiming under the first-mentioned lease as also
under a lease from the guardian of the surviving children
bored for and produced oil on the premises. Craig brought
a suit in equity in the Circuit Court of Monongalia county
against Hukill, Davis and others praying that the tract be
partitioned and one fifth be assigned as the share of Davis
in fee, and that all the oil and gas under it be assigned to
the plaintiff, Craig.

The theory of Craig for relief is, that by reason of fail-
ure to commence operations or to pay money in lieu there-
of, as provided in the lease to Kennedy, it had become for-
feited; and he had by the said agreement between Davis
and Griffith become entitled, in exclusion of all rights
under Kennedy's lease to all oil, which Davis could con-
vey.

Obviously, Craig can get relief only through an enforcement of the forfeiture of the Kennedy lease. Thus, at the threshhold of the case, we are met with the question whether a court of equity will enforce this alleged forfeiture.

Affirmative relief against penalties and forfeitures was one of the springs or fountains of equity jurisdiction, and the jurisdiction was very early exercised; and it would be going in the very opposite direction, and acting contrary to its essential principles, to affirmatively enforce a forfeiture. The elementary books on equity jurisprudence state the rule as almost an axiom, that equity never enforces a penalty or forfeiture. 2 Story, Eq. Jur. § 1319; 1 Pom. Eq. Jur. § 459; Bisp. Eq. § 181; Beach, Mod. Eq. Jur. § 1013. Mr. Pomeroy, in 1 Pom. Eq. Jur. § 460, says that rule is without exception; and my search has led me to the same conclusion.

This doctrine is supported in America by decisions of the highest authority, coming from jurists of the most eminent name—among them Kent and Marshall; and there seems to be no change or qualification in later decisions. *Livingston* v. *Tompkins*, 4 Johns. Ch'y 415; *Horsburg* v. *Baker*, 1 Pet. 232; *Marshall* v. *Vicksburg*, 15 Wall. 146.

The estate under the Kennedy lease certainly vested; and the plaintiff seeks by a suit in equity to devest it, which he can only do by declaring and enforcing the forfeiture of that lease; for the plaintiff's right must depend for its birth and existence on that forfeiture. In *Livingston* v. *Tompkins*, *supra*, it was held that "equity will not assist the recovery of a penalty or forfeiture or anything in the nature of a forfeiture," and "will not lend its aid to devest an estate for the breach of a condition subsequent." *McKim* v. *Mason*, 2 Md. Ch. 510; *Warner* v. *Bennett*, 31 Conn. 468; *Smith* v. *Jewett*, 40 N. H. 530.

In *Oil, etc., Co.* v. *Atlantic, etc., Co.*, 57 Pa. St. 65, a bill was filed to enforce a forfeiture of a lease because of a failure to build a road according to the express provisions of the lease; and the court refused, on the ground that equity never lends its aid in enforcement of a forfeiture but will leave the parties to their legal remedies. Many cases cited

in the text-books above cited sustain this principle.   Though equity has jurisdiction in partition, yet it will not exercise such jurisdiction when it can be exercised only by enforcing a forfeiture, when the plaintiff's right grows only out of a forfeiture.

As equity has no jurisdiction, we can not decide the merits of the case.   We therefore reverse the decree and dismiss the bill without prejudice to the plaintiff to seek to assert his rights by any appropriate legal remedy.

REVERSED.   DISMISSED.