W. J. STURM

*v.*

MARGARET L. CROWLEY, *et al.*

(No. 9979)

Submitted April 13, 1948. Decided June 8, 1948.

Appellant did not appear in person or by counsel.

*Ambler, McCluer & Davis* and *Fred L. Davis,* for appellees.

LOVINS, JUDGE:

This suit was instituted in the Circuit Court of Calhoun County by W. J. Sturm against Margaret L. Crowley and Pat O'Connor, and involves the title to timber stand-

ing on a twenty-one-acre tract of land situate in that county. The trial court decreed that Margaret L. Crowley is the owner of said timber, from which decree plaintiff appeals.

Martin F. Crowley, the deceased husband of Margaret L. Crowley, was engaged in the business of developing properties in and about Calhoun County for oil and gas purposes, which business Margaret L. Crowley continued to operate after her husband's death. The usual practice of Martin F. Crowley, in carrying on his business, was to purchase in fee various tracts of land which he would thereafter exploit for oil and gas purposes. Frequently he would sell the lands so purchased, reserving to himself the oil, gas and other minerals thereon or thereunder, as well as the standing timber and necessary surface rights pertaining thereto. It is clearly established that the timber so reserved was used by Crowley in and about his oil and gas operations, not for the purpose of manufacturing commercial lumber. The twenty-one-acre tract of land here considered was one so purchased and so sold by Martin F. Crowley.

When Martin F. Crowley and his wife so conveyed said twenty-one-acre tract of land, the deed therefor to B. J. Watkins and C. J. Watkins, apparently husband and wife, dated November 27, 1926, contained the following: "* * * the said parties of the first part do hereby release and except from the operation of this conveyance, and do not hereby convey, all of the oil, gas and other minerals, and all timber in, under and upon the real estate hereinbefore described, together with the right to enter upon said real estate and cut and remove said timber therefrom * * *."

Martin F. Crowley died in the year 1934, and, according to the bill of complaint and testimony, he devised and bequeathed all of his property to his wife, one of the defendants herein.

The said tract of land was conveyed by a special commissioner, appointed by the Circuit Court of Calhoun County in a suit against the administrator *de bonis non*

of the estate of C. J. Watkins and others, to F. E. Vandale by deed bearing date the 25th day of August, 1936. The special commissioner's deed excepted and reserved the "* * * timber, in favor of former owners thereof, as their interests may appear."

Vandale and wife, by a quitclaim deed bearing date the 13th day of August, 1938, conveyed the said tract of land to Howard Murphy. Murphy and wife, by deed dated the 30th day of August, 1941, conveyed said land to Harvey Murphy. In the deed of conveyance made by Howard Murphy, the following appears: "The intention of this conveyance is to vest in Harvey Murphy all rights and title held by said Howard Murphy by reason of said deed from said Vandale, to have and to hold with general warranty."

W. J. Sturm, plaintiff herein, acquired the land from Harvey Murphy by deed bearing date the 26th day of May, 1942. No reservation of the timber was made in the deed from Harvey Murphy and wife to Sturm, but the deed contains the following: "It is understood that all oil and gas has been hereby reserved by M. F. Crowley."

Sturm and wife conveyed the surface of said tract of land to L. R. Kerby by deed dated March 10, 1943, reserving, "all merchantable timber for a period of ten years from the date of this deed with the right to enter upon this land and remove such timber without damages."

No demand was ever made on Martin F. Crowley or Margaret L. Crowley by the owners of the surface to cut and remove the timber. Some timber was cut and removed from the land by Martin F. Crowley in the years 1933 and 1934, and a few additional trees were cut and removed by the agents of Mrs. Crowley in the year 1936.

It is disclosed by the record that about eighteen months before he purchased from Murphy, the plaintiff went to the City of Parkersburg and there inquired of a brother of Mrs. Crowley whether she owned the timber on the tract of land in question. Mrs. Crowley's brother informed plaintiff that she still owned and claimed the timber.

A short time before the institution of this suit, the defendant O'Connor, agent and employee of Mrs. Crowley, cut five trees on the land, which action apparently precipitated plaintiff's institution of this suit to enjoin defendants from cutting and removing the timber, and to avoid the reservation made in the deed of November 27, 1926, as constituting a cloud on plaintiff's title to the timber.

The pleadings and evidence presented two questions for decision by the trial court, which are the only questions presented on this appeal to this Court. They are: (1) Was the timber abandoned by Martin F. Crowley or Margaret L. Crowley; and (2) has the title of Margaret L. Crowley to the timber been divested by reason of the lapse of an unreasonable time from the date of the deed by which it was reserved?

Upon consideration thereof, the trial court by a final decree dissolved the temporary injunction theretofore granted; adjudged that the title to the timber is now vested in Margaret L. Crowley; and dismissed the plaintiff's bill of complaint, awarding costs to defendants.

It is definitely established by testimony that Martin F. Crowley and the defendant, Margaret L. Crowley, cut and removed timber from the tract of land during the interval between the years 1933 and 1936, without objection on the part of the owners of the surface of the land. Plaintiff on his trip to Parkersburg, in December, 1940, was informed by the brother of Margaret L. Crowley that she asserted ownership of the timber. Furthermore, there is some testimony by Margaret L. Crowley indicating that she had paid the taxes on all the land which she owned in Calhoun County, which, we assume, would include the timber on the tract involved in this suit. The agents and employees of Margaret L. Crowley entered on the land and cut and removed the timber therefrom in the year 1944. The foregoing circumstances are inconsistent with the idea of relinquishment of the title to the timber or abandonment thereof by Martin F. Crowley or

Margaret L. Crowley. The allegations of abandonment made by plaintiff are not sustained by proof. The finding of the trial court in that respect is without error and accordingly is affirmed.

A correct determination of the second question calls for an inquiry as to the bases of the conflicting claims of title to the timber. The title to the timber on the land was *released and excepted* in the conveyance from the Crowleys to the Watkinses in the manner hereinbefore stated. Although more appropriate language could have been used, it is clear that Crowley made thereby a reservation of the timber and surface rights pertinent thereto. I Devlin on Real Estate, 3rd Edition, Section 221; *McDougal* v. *Musgrave,* 46 W. Va. 509, 512, 33 S. E. 281; *Adkins* v. *Huff*, 58 W. Va. 645, 650, 52 S. E. 773.

Before discussing the second question hereinbefore stated, it is noteworthy that some of the cases applicable thereto use, somewhat interchangeably, the words "condition", "defeasance", and "forfeiture". Of course, any of those words, as applied to land, gives rise to the same result, namely, that because thereof a person loses some right, title, interest or estate with which he was otherwise vested. But respecting the manner by which that result is reached, as well as procedurally, the words are distinct.

The word "'forfeiture" connotes a punishment provided by law or contract for "some illegal act or negligence in the owner of lands, tenements, or hereditaments, whereby he loses all his interest therein, and they become vested in the party injured as a recompense for the wrong which he alone or the public together with himself, hath sustained." 2 Bouvier's Law Dictionary, Rawle's Third Revision, 1280. It is an elementary rule that a forfeiture is never favored and an equity court will lend its aid only to prevent or relieve from a forfeiture. See *Craig* v. *Hukill,* 37 W. Va. 520, 16 S. E. 363; *Pyle* v. *Henderson,* 65 W. Va. 39, 63 S. E. 762; *Newton* v. *Kemper,* 66 W. Va. 130, 66 S. E. 102. An implied covenant or condition is not a basis for

a forfeiture. *McCutcheon* v. *Oil & Gas Co.*, 102 W. Va. 345, 352, 135 S. E. 238; *Carbon Black Co.* v. *Gillespie*, 87 W. Va. 441, 463, 105 S. E. 517.

The words "condition" and "defeasance" are similar in meaning, each affecting the defeat of the force or operation of some deed or estate. " 'That which in the *same deed* is called a condition, in another deed is a defeasance.' " *Simmons* v. *Insurance Company*, 8 W. Va. 474, 486. See Black's Law Dictionary, 3rd Ed. 539.

Bearing the foregoing distinctions in mind, it will be seen that plaintiff here relies upon a breach of a condition implied by law that defendant must remove within a reasonable time the timber reserved by the deed dated November 27, 1926. Furthermore, consideration of these distinctions will tend to explain any apparent lack of harmony with reference to the cases hereafter cited and discussed.

In conveyances and reservations separating the ownership of timber from the ownership of the surface, where no definite time is provided for the removal of the timber, it is a principle well established in this jurisdiction that the ownership of the timber is a defeasible fee, subject to the condition that the timber must be removed within a reasonable time, depending upon the facts and circumstances of each case. *Hill* v. *Vencill*, 90 W. Va. 136, 111 S. E. 478, (wherein the Court considered a condition.) The rule announced in the *Hill* case was foreshadowed by the language used in this Court's opinion in the case of *Keystone Co.* v. *Brooks*, 65 W. Va. 512, 515, 64 S. E. 614, where Judge Brannon, speaking for the Court, said: "Though, where there is no such time limit or condition, there is no forfeiture of title to the timber, yet I apprehend that the right to cut the timber standing does not endure forever, and thus encumber the land and prevent its cultivation, but must be removed in a reasonable time." Further elaboration of the principle stated by Judge Brannon will be found in the case of *Williams* v. *McCarty*, 82 W. Va. 158, 100 S. E. 565, wherein the Court considered

a true defeasance. There Judge Ritz examines and classifies the holdings of various courts with respect to this question.

There are four lines of authority with respect of the result of a conveyance or reservation of standing timber, as pointed out in the cases of *Williams* v. *McCarty, supra,* and *Hill* v. *Vencill, supra.* This Court, however, is committed to the principle announced in *Hill* v. *Vencill, supra.* This principle has been applied with varying results. *Stump* v. *Moore,* 104 W. Va. 514, 140 S. E. 480; *Joyce* v. *Gibson,* 106 W. Va. 221, 145 S. E. 279; *Jones* v. *Gibson,* 118 W. Va. 66, 188 S. E. 880; *Carder* v. *Matthey,* 127 W. Va. 1, 32 S. E. 2d 640.

There are intimations in some of the opinions of this Court that such reasonable time is the time required to remove the timber from the land by ordinary operations. However, the rule as stated in the case of *Hill* v. *Vencill, supra,* does not indicate whether such principle is controlling, but leaves us with the general statement that a reasonable time depends upon the facts and circumstances of each particular case.

It is fully and clearly established that Crowley, being engaged in drilling for oil and gas, frequently bought lands in fee, and upon the sale of the surface would reserve the timber for his own use in his oil and gas operations. In fact, the timber that was cut and removed from the tract of land here involved was used for the purpose of repairing structures connected with such oil and gas operations. The intent of Crowley in making the reservation and his conduct relative thereto are clearly established and are circumstances to be considered in determining the reasonableness of the time. It was not contemplated by Crowley that he would cut and remove the timber in one single operation but would use it as he needed it in the oil and gas operations, which course of conduct seems to have been followed by his widow, Margaret L. Crowley.

In addition to the foregoing B. J. and C. J. Watkins

owned the land for almost ten years, and the record is silent as to any demand on Martin F. Crowley or Margaret L. Crowley to remove the timber from the land, or that any complaint was made with regard to the timber remaining on the land. Such is true during the time Howard Murphy owned the land. We note further that when Harvey Murphy, the successor in title of Howard Murphy, attempted to cut timber from the land to rebuild his dwelling house, O'Connor, one of the defendants herein and the agent of Margaret L. Crowley, remonstrated with him about such cutting, but, upon investigation, concluded that Harvey Murphy was not cutting valuable timber. Such circumstances militate against a holding that the title of Margaret L. Crowley to the timber had terminated by lapse of time and a violation of the implied condition to remove the timber in a reasonable time.

The conduct of plaintiff in this suit indicates he was fully aware of these circumstances. He sought the advice of counsel with respect to the ownership of the timber; he sought an interview with Margaret L. Crowley to ascertain whether she still claimed the title thereto; yet, thereafter he purchased the land, and, after retaining ownership for approximately ten months, sold the surface, reserving the title to the timber for his benefit. Thus the first definite claim to the timber adverse to the Crowley title is based on plaintiff's deed of conveyance to Kerby, in which he attempted to reserve that which he did not own. Such acts verge on being inequitable conduct, and is another circumstance to be considered in disposing of the issues here presented.

In all the facts and circumstances of this case, we do not think that plaintiff is entitled to the timber standing on the twenty-one-acre tract. The final decree of the Circuit Court of Calhoun County, being without error, is affirmed.

*Affirmed.*