# CHARLESTON.

## KEYSTONE COMPANY *v*. BROOKS.

Submitted September 10, 1908.    Decided April 20, 1909.

1.  LOGS AND LOGGING—*Sale of Timber—Failure to Remove.*
    In case of a deed conveying legal title to timber, though the deed contemplates removal of timber, there being no limit of time for removal and no clause of forfeiture for failure to remove, title to the timber is not lost to the purchaser for such failure. (p. 514.)

Error to Circuit Court, Webster County.

Action by the Keystone Lumber & Mining Company against Arthur Brooks. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

HAYMOND & FOX, for plaintiff in error.

MORRISON & TALBOTT, MORTON & WODDELL and BROWN, JACKSON & KNIGHT, for defendant in error.

BRANNON, JUDGE:

By deed 16th June, 1900, in consideration of $23,000, half in cash, the Keystone Lumber and Mining Company conveyed to George W. Barricklow certain timber by the language, "does

grant unto the party of the second part all kinds of timber stand-
ing or being on all that certain tract of land lying and being
in the county of Webster in the State of West Virginia on the
waters of Laurel creek and Birch river, and bounded and de-
scribed as follows." Containing 3986 acres, more or less. Next
comes the clause, "Together with the right to second party to
enter upon and use the land so far as is necessary or required
in manufacturing and removing said timber, free of any rental
or charge whatsoever for a period of six (6) years for that part
of said land drained by Birch River and Beaver Creek and
tributaries thereof and for a period of two (2) years for that
part drained by Glade Run and Laurel Creek and tributaries
with the right to construct road and tram ways and place mills
thereon and to remove the same at any time during, at or after
the periods of time above mentioned." .The deed closes with
the clause, "The party of the first part covenants that it will
warrant generally the title to the timber and other property
hereby conveyed." Barricklow conveyed to the Union Lumber
Company all that part of the timber on the Birch river and
Beaver creek side, and later the Union Lumber Company con-
veyed same to Arthur Brooks. Brooks put on the land a
costly mill, constructed an incline with steam hoisting engines,
tram roads, houses for employees and means of removing tim-
ber and converting it into lumber, employing many men and
teams, and pursuing the work actively. Shortly before the
expiration of the six years specified in the deed from the Key-
stone Company to Barricklow Brooks learned that the company
considered that deed as one giving a time limit of six years, so
that all rights of Brooks to cut or remove timber and hold
possession of the land would then expire, and all timber remain-
ing then unfelled, and that felled lying on the land not con-
verted into lumber, would revert to the company, and he felled
all the timber on the land, and refusing to acknowledge this
claim of the company, and refusing to quit possession of the
land, but proceeding in the work of converting the timber into
lumber, the Keystone Company brought an action of unlawful
entry and detainer, and a jury having found Brooks not guilty
of unlawfully withholding the possession of the land, and judg-
ment having been rendered for the defendant, the Keystone Com-
pany obtained a writ of error from this Court.

The case turns on the construction of the deed. The Keystone Company says that it gives a limit of six years time for the severance and removal of the timber from the land, after which rights of Brooks end, and timber standing or in felled trees or logs not yet converted into lumber, would revert to the Keystone Company and be lost to Brooks, not by forfeiture, as the Keystone Company contends, but because the deed only conveys so much timber as in a *bona fide* intent to manufacture into lumber could be so cut and manufactured within that time. In case of a conveyance of timber, with a time limit requiring its removal from the land in a given time, the weight of authority is, that the conveyance is conditional, the purchaser taking only what timber shall be removed within that time, the balance reverting to the owner of the land, or rather remaining his. *Null* v. *Elliott*, 52 W. Va. 229; *Adkins* v. *Huff*, 58 *Id.* 645; 28 Am. & Eng. Ency. L. 541. We cannot concur in such a construction of the deed. Look at it. There is at the outset the separate, distinct, vital clause found in deeds of grant, prescribed in our Code as a form "to convey the grantor's whole interest" in the thing granted, having the operative words "does grant." That vests full legal title in the grantee to the timber. Where do we find in this granting clause any words to tell us that only so much of the timber as may be removed within six years is granted? To the reverse the grant is "all and all kinds of timber," without limitation of time for removal. This important section of the deed contains no limit of time, no forfeiture clause for non-removal. If timber is conveyed, no limit of time as to the removal, the title vests absolutely in the grantee, and it is not lost or forfeited by reason of the fact that it is not removed in a reasonable time. *Magnetic Ore Co.* v. *Markbury L. Co.*, 53 Am. St. R. 73; 27 L. R. A. 433; *Hoit* v. *Stratton Mills*, 20 Amer. R. 119. In the latter case the court says: "In such a sale there is no foundation for an exception to the general rules of land or to make that a *conditional* conveyance of *trees* which would be an *absolute* conveyance of *other property.*" In the *Magnetic Ore case* the court asserted the same. The Keystone Company would in effect insert a condition subsequent defeating the title or right of Barricklow. Conditions are not to be raised by inference or argument. 2 Devlin on Deeds, sec. 970. Conditions subsequent are not favored in law, "because

they tend to destroy estates, and a vigorous exaction of them is a species of *summun jus*, and in many cases not reconcilable with conscience." 4 Kent 129; *Rawson* v. *Inhabitants*, 83 Am. Dec. 670, and other authorities in 123 Am. St. R. 64. Though, where there is no such time limit or condition, there is no forfeiture of title to timber, yet I apprehend that the right to keep the timber standing does not endure forever, and thus encumber the land and prevent its cultivation, but must be removed in a reasonable time. I would not say so as to minerals. This is not a question of our case. So, taking the granting clause alone, it gave Barricklow an absolute estate in the timber, free from time limit or condition of defeasance, with perhaps the obligation to remove the timber in a reasonable time.

But that granting clause alone does not, as contended by counsel, solve the case, though we think it does being a grant without condition. It is claimed that the clause beginning "Together with" fixes a time limit of six years for removal of the timber. It gives right to enter upon the land and use it for removing and manufacturing the timber, "free of any rental or charge for six years." That period in its connection in the sentence only applies to fix the term or limit of freedom from rental. In its place in the deed it has no reference to time fixed for removal of timber. It is immediate in place after, or is a very part of, the clause giving right to use the land for removing and manufacturing timber. Why take it from that clause and carry the six years provision back over that clause, and connect it with the granting clause and qualify the ·latter clause by saying that the grant must be used within six years? In place and in sense it belongs to the clause giving right to occupy the land. It has a function to perform in that clause. ' It is needed there. It serves only to limit the period during which no charge was to be made for the use of the land. It is no covenant by Barricklow. There is no express covenant by Barricklow to remove the timber at any time. The most we could say as to this is, that the deed contemplates a removal, and that thus a covenant to remove is implied. Likely so. But it is only a *covenant,* not a time limit, not a condition operating as a forfeiture. It would only demand removal in a reasonable time. Delay unreasonable might be the subject of action for breach, or the cause of some legal procedure. We

say not as to this; but we do say it does not work a loss of Barricklow's vested title. In *Zimmerman* v. *Daffin*, 149 Ala. 380 (123 Am. St. R., p. 65), where there was a time limit, the court said that if the intent was that at the close of the limit the failure to remove should work a reverter, it would have been easy to have said so; but that on the face of the instrument it was, at least, a question of doubt whether the limitation was a condition subsequent, or a covenant, not operating as a clause of forfeiture, citing cases so holding. There we see that "if it be doubtful whether a clause imports a condition or a covenant, the latter construction will be adopted." If such the case where there is a time limit, how much more so where there is none, and the only covenant is one to be implied. It is a mere covenant. So the construction of the deed does not give it a time limit for removal of the timber, so as to give the Keystone Company any timber, whether standing, or in felled trees or logs. Without such limit, or some forfeiture clause, the title thereto remains in Brooks. The law does not imply such limit or condition. *Ludwick L. Co.* v. *Taylor*, 123 Am. St. R., p. 805.

The Keystone Company asserts that the timber not removed within six years became, or remained its property, as according to its theory that the deed passed only so much timber as should be so removed. The above authorities deny this. There is no time limit; but even if there were, the timber having been severed from the land, and thus made personalty, would be the property of Brooks. *Null* v. *Elliott*, 52 W. Va. p. 231; *Adkins* v. *Huff*, 58 *Id.* 645. The courts say that severance is removal within the meaning of time-limit deeds. *Williams* v. *Flood*, 63 Mich. 493; *Hicks* v. *Smith*, 77 Wis. 146.

This is not an action to recover trees down or logs, or damages. It is unlawful entry and detainer, the plaintiff expecting, likely, if Brooks should be put out, to take possession of the trees and logs. The question here is, Has Brooks right to retain such partial possession as is necessary to work up the timber? Recurring to the deed we find it in words to give Barricklow right "to enter upon and use the land so far as is necessary or required in manufacturing and removing said timber." As we hold that the deed passed unconditional title to the timber, and that there is no time limit or condition of forfeiture to destroy his right, it follows, under the clause just quoted, that Brooks has right

·to hold possession until the work closes. This right comes from the deed. If Brooks still holds title to the timber, what avails that right without continued possession? When an owner grants coal away, the law, without any provision in the deed, implies and confers right to enter and hold such possession and use of the land as are necessary to remove the coal. Otherwise, the coal would have no value. 27 Cyc. 688; Snyder on Mines, § 1007; *Marvin* v. *Brewster*, 14 Amer. R. 322. So with timber granted away. Judge DENT, in *Null* v. *Elliott*, 52 W. Va. 229, said that in a time-limit contract there is an implied right after the limit to enter and remove timber cut before the end of the limit. This expression is challenged as not good law; but we think the cases cited by Judge DENT sustain his statement. We now refer to *Ludwick* v. *Taylor*, 123 Am. St. R. 803, holding that a conveyance of all the timber on a tract "is a conveyance of the timber with an *interest in the land*, with the right to cut it any time without importing into such grant that it must be cut within a reasonable time." The court says, "There goes with the title to the timber right to use the soil for its sustenance and of entry upon the land for its enjoyment." It does seem to me that there is force in the view that the mere grant of timber does carry right of entry and possession to remove the timber. It would as to coal. See 27 L. R. A. 434. The opinion by Judge POFFENBARGER, 58 W. Va., p. 650, asserts the position that when timber is conveyed with warranty " it conveys an interest in the land, though there be a time limit; but it vests either a defeasible title to the timber or a leasehold estate for the time limited, with a right of appropriation during the term." That is where there is a time limit. In this case there is none. There is a qualified interest in the land, right of partial possession to enable the owner of the timber to remove it. So the Keystone Company could not maintain this action against Brooks.

In view of the construction which we give the deed, it is unnecessary to discuss other questions, since they turn on it, and would not be ground of reversal.

Judgment affirmed.

*Affirmed.*