# CHARLESTON.

## Z. W. KNIGHT v. W. FRANK SMITH et als.

Submitted September 30, 1919.    Decided October 7, 1919.

LOGS AND LOGGING—*Purchaser Severing Standing Timber Has Reasonable Time for Removal.*

Where by deed or contract one purchases standing timber for a sum paid or stipulated to be paid therefor, and within the time stipulated for removing it actually severs the trees from the ground, he may of right, unless restrained by the terms of the deed or contract, enter or continue on the land a reasonable length of time, to remove from the premises the timber so severed.

Appeal from Circuit Court, Doddridge County.

Suit for injunction by Z. W. Knight against W. Frank Smith and others. From a final decree in favor of named defendant, dissolving the preliminary injunction and dismissing the bill, plaintiff appeals.

*Affirmed.*

*J. V. Blair,* for appellant.

*J. Ramsey* and *Hoffheimer, & Templeman,* for appellee.

MILLER, PRESIDENT:

This is an appeal by plaintiff from a final decree of the circuit court of Doddridge County, pronounced on the 28th day of August, 1917, dissolving the preliminary injunction theretofore awarded, and dismissing the bill.

By the preliminary injunction defendants W. Frank Smith, Charles E. Jones and others were enjoined and restrained from entering or trespassing upon a tract of one hundred and thirty-three acres of land belonging to plaintiff and from cutting any trees and timber thereon standing or severed from the land, and from hauling and removing any logs or the boards and lumber manufactured therefrom, and from operating the saw mill on the premises, and from claiming title to said logs, lumber and timber.

The rights of the parties depend upon the proper construc-

tion of the following contract and what was done under it by the parties or their privies:

"Canton, W. Va., Jan. 12, 1915.
Article of Agreement

This the 12th day of Jan. 1915 I agree to pay to Z. W. Knight the amount of Seven Hundred Dollars, $700.00 for all timber on his farm with the exception of the walnut in cleared ground and the chestnut under ten inches in diameter, $350 to be paid down and the residue to be paid in 8 mo. Limited time for taking timber off of ground is two years with the privilege of setting mill and logging timber the most convenient way with as little damage to cleared land as possible

Z. W. Knight
L. L. Shinn."

The defendant W. Frank Smith acquired his rights from said Shinn by assignment as follows:

"For value received, I hereby sell to W. F. Smith the timber mentioned and described in the within contract and sale. And I do hereby assign to the said W. F. Smith all my right and interest in said timber and my rights under this contract.

This the 5th day of May, 1916.

L. L. Shinn."

The position of plaintiff, as disclosed by his bill and his evidence, is that his contract with Shinn was not a deed conveying the timber, but a mere license to go upon the land and to cut, manufacture and remove the timber within the two years prescribed for taking it off the ground, and that all lumber and timber, whether served or not, remaining on the land after January 12, 1917, became or remained his property, and though fully paid for by the purchaser, the latter acquired no right of removal after that time.

The contract of the plaintiff is not a deed, but it is signed by him and is at least a contract calling for a deed if one was necessary to carry the contract into effect. This contract by its plain terms is for "all timber on his (the seller's) farm with the exception of the walnut in cleared ground and the chestnut under ten inches in diameter" without condition or limitation as to time and without terms of reservaition or defeasance. True, there is a limit "for taking timber off of ground." But is this not in the nature of a covenant

rather than a condition or limitation on the title of the purchaser? It seems to us it should be so construed, for in cases like this where the sale is absolute for a full consideration paid or to be paid, unless there is something in the very terms of the contract or deed to defeat the title of the purchaser, forfeiture of those rights, not favored in law, ought not to be read into the contract. In *Adkins* v. *Huff,* 58 W. Va. 645, 648, it is said there ought to be no distinction between rights conferred by deeds and those acquired by contracts which have not the form nor all the requisites of a deed. Numerous cases are cited, only a few of which involved deeds, the others involved mere contracts, some wholly executory, others passing an equitable title, and where as here the purchase money had all been paid.

Our decisions, following the decisions of many other courts, make a distinction between these cases where the contract, wholly executory, gives right to enter on land and cut and remove timber, within a certain limit, and to be paid for as removed at a certain rate per thousand feet or other rate, and cases where the contract amounts to a sale or conveyance of the timber in place for a stipulated price paid down. In the first class the right and title passes only as the timber is removed and paid for, and after the time has expired within which the right to remove is given, the right is gone, and the contract is at an end. Such contracts amount to mere licenses. In recent Virginia cases, cited and relied on by counsel for appellant, it seems that all deeds and contracts containing term limits for cutting and removing the timber are put upon the same basis. *McCorkle* v. *Kincaid,* 121 Va. 546, 555, and cases cited. But our rule is different. Our cases hold that although proper consideration must be given to the limitation as to time, so as to effectuate the intention of the parties, nevertheless, when the deed or contract grants or gives right to the timber for a consideration fully paid, and where the purchaser within the time limit has actually cut and severed the timber and thereby converted it from real estate into personalty, he has the continuing right thereafter within a reasonable time to enter or remain upon the land to remove the timber so severed. Our cases in which this rule has been

recognized, approved or applied are, *Null* v. *Elliott*, 52 W. Va. 229, 232; *Adkins* v. *Huff*, 58 W. Va. 645, 650; *Keystone Lumber Co.* v. *Brooks*, 65 W. Va. 512, 516; *Buskirk* v. *Peck*, 57 W. Va. 360, 367; *Buskirk* v. *Sanders*, 70 W. Va. 363, 369; *Hardman* v. *Brown*, 77 W. Va. 478, 484. Among the cases from other states in which the same rule has been laid down and applied are, *Mahan* v. *Clark*, 219 Pa. St. 229, 12 Ann. Cas. 729; *Alexander* v. *Bauer*, 94 Minn. 174; *Golden* v. *Glock*, 57 Wis. 118. It is quite unnecessary to discuss further the principles underlying these decisions. That has been sufficiently done in the cases cited. This rule is recognized in the more recent case of *Williams* v. *McCarthy*, 82 W. Va. 158, 160.

The bill alleges and the answer denies that defendants were undertaking to cut and remove timber not severed prior to January 12, 1917. There is no appreciable evidence showing or tending to show that defendants had cut or were attempting to sever any timber after that date. All that was proposed or attempted prior to the injunction was to cut into logs and manufacture into lumber the trees felled prior to January 12, 1917, at the mill on the land, which the contract provided for. Defendants claim no other rights. According to our decisions they have this right.

The conclusion reached on the main question renders it unnecessary to discuss the other question presented, namely, whether prior to January 12, 1917, plaintiff had agreed with defendant Smith to extend the time for cutting and removing the timber. There is a good deal of testimony tending to support Smith that there was such an agreement and that it was to have been reduced to writing, but that at the last plaintiff refused to do so. Whereupon Smith put a large force to work and succeeded in severing practically all the standing timber contracted for, and which by the injunction plaintiff sought to prevent him from removing from the premises.

We, therefore, affirm the decree.

*Affirmed.*