# CHARLESTON.

WILLIAM B. STUMP *et als. v.* J. B. MOORE *et als.*

(No. 5950)

Submitted November 15, 1927.    Decided November 22, 1927.

1.  LOGS AND LOGGING—*In Grant of Timber Without Prescribing
    Time for Removal, Reasonable Time is Implied, and What
    is Reasonable Time Depends on Facts.*

    In a grant of timber, no time for removal being prescribed,
    a reasonable time for that purpose is implied.    What is a
    reasonable time depends on the facts in each case.    Pts. 1 and
    3, *Hill* v. *Vencill,* 90 W. Va. 136.    (p. 514.)

    (Logs and Logging, 38 C. J. §§ 48, 49.)

2.  ESTOPPEL—*Parties Seeking, for Unreasonable Delay, For-
    feiture of Timber Granted Under Deed Prescribing no Time
    for Removal, May be Estopped by Acquiescence in or En-
    couragement of Delay.*

    A plaintiff who seeks a forfeiture of timber under such a
    deed on the ground of unreasonable delay in removal, may be
    estopped by his acquiescence in, or encouragement of the delay.
    (p. 514.)

    (Estoppel, 21 C. J. § 116.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
    part of syllabi.)

Appeal from Circuit Court, Hardy County.

Suit by William B. Stump and others against J. B. Moore
and others for an injunction.    From a decree dissolving a
temporary injunction, except so far as it applied to the
removal of certain timber, plaintiffs appeal.

*Modified and affirmed.*

*J. Sloan Kuykendall* and *L. V. Thompson* and *Wm. Mac-
Donald,* for appellants.

*Joshua S. Zimmerman, W. D. McCauley* and *Walter C. Capper,* for appellees.

HATCHER, PRESIDENT:

In 1901 the plaintiff W. B. Stump conveyed to a predecessor in title of the defendants two tracts of timber land in fee together with all of the "saw timber" (excepting certain kinds of trees) on 963 acres lying between the other two tracts. The deed is silent as to the time for removing the timber. The land was about forty miles distant from a railroad at the date of the deed. A tramroad was completed from the railroad to the land in 1920. No timber has been cut on the 963 acres except what was used in building the tramroad. In 1926 the plaintiffs obtained a temporary injunction restraining the defendants from cutting and removing the timber on that tract. The lower court later dissolved the injunction except so far as it applied to timber under fifteen inches in diameter, and to the trees excepted in the deed.

The questions presented on this appeal are (1) is the delay of 25 years in removing the timber unreasonable? (2) if not, what timber now represents the "saw timber" of 1901?

*Hill* v. *Vencill,* 90 W. Va. 136, holds that where no time for the removal of timber is prescribed in a deed, a reasonable time for that purpose is implied; it also holds that the facts and circumstances determine what is a reasonable time in each case. That decision conforms to established law. 38 C. J., pp. 168-170. Where great length of time has elapsed courts may declare the delay unreasonable as a matter of law. 30 C. J., p. 170. A period of 25 years is ordinarily considered unreasonable as a matter of law against such defenses as distance from railroad and unprofitable operation, both of which defenses are presented by defendants. See cases cited under note 19, p. 170, 38 C. J.; 17 R. C. L., Sec. 16, p. 1088; note commencing p. 681, 46 L. R. A. (N. S.), and annotation commencing p. 61, 15 A. L. R., which is supplemented by notes commencing on p. 947, 31 A. L. R., and on p. 643, 42 A. L. R. But the answer of defendants pleads another defense. "That on several occasions the said William B. Stump acting for

himself and certain other plaintiffs has stated to the prede-
cessors in title of your respondents that he was not in a hurry
to have the timber removed from the said 963-acre tract, that
he was perfectly willing to have it remain stand as long as
the respondents and predecessors desired, because he was
only using the land as grazing land and the standing timber
was useful to him as furnishing shade, shelter and protection
for his cattle.'' Evidence was produced fully supporting that
allegation. William B. Stump denied making the statements.
The lower court, however, found in favor of the defendants.
We can not say from the evidence that the court is clearly
wrong. Its finding on this issue is therefore conclusive on us.
*McBee* v. *Deusenberry*, 99 W. Va. 176.

Since 1905 Wm. B. Stump has owned only an undivided
one-half interest in the 963 acres. The evidence shows, how-
ever, that he has never relinquished management of the tract,
and that his associates in interest have acquiesced in his con-
trol. They cannot now escape the effect of his conduct in that
management. The statements attributed to him would natu-
rally cause the defendants to await a ''convenient season''
for removing the timber. It would be inequitable now to
permit plaintiffs to take advantage of a delay which they
encouraged. ''Where a person tacitly encourages an act to be
done, he cannot afterwards exercise his legal right in opposi-
tion to such consent, if his conduct or acts of encouragement
induced the other party to change his position, so that he will
be pecuniarily prejudiced by the assertion of such adversary
claim.'' *Swain* v. *Seamens;* 9 Wall. 254-274; *Lazear* v. *Foun-
dry Co.*, 65 W. Va. 105.

The position of defendants is strongly supported by testi-
mony of plaintiffs W. B. and George A. Stump to the effect
that in 1911 and frequently thereafter, until about 1922,
they requested the defendants to remove the timber. Those
requests show that plaintiffs acquiesced in the delay until 1922
and conceded to defendants the right of removal up to that
time.

The evidence indicates that the timber on the 963-acre tract
could have been removed after the completion of the tramroad
within a period of about two months. The plaintiffs contend

that in any event the delay in removing the timber since 1923 is unreasonable. The defendants, however, testify to a letter written by William B. Stump to defendant T. B. Pownall, on October 23, 1923, as follows: "I want you to tell the boy not to cut the timber on the Stump home land until they cut it all." The boy referred to was a son of T. B. Pownall and general manager of defendants' timber operation. The "Stump home land" is the 963 acres. The original letter, forwarded to the son, is lost. A copy was produced which had been made by Pownall's stenographer. The stenographer and several witnesses testified to seeing the original letter, that they were acquainted with the handwriting of William B. Stump, and that the letter was in his handwriting. Stump denied writing the letter, but the preponderance of the evidence is against him, as also is the decision of the lower court. The defendants have not been ready since 1923 to cut *all* of the timber referred to in the letter of October 23, 1923. The plaintiffs are not now in position, because of the letter, to urge forfeiture for failure of the defendants since 1923 to cut the timber on the 963 acres.

Plaintiffs contend that the letter is not competent evidence because not specially pleaded. A pleader is not ordinarily required to detail his evidence. The letter is admissible on the theory that it tends to support the averment in the answer relating to the statements of W. B. Stump.

The plaintiffs urge that the real reason for the delay during part of the time prior to 1926, was a contract between defendants and the Union Tanning Company. The contract referred to was made on August 14, 1919, and provided that the timber should not be cut until the bark had been removed therefrom by the Tanning Company. The Company did not remove the bark. Admitting for the sake of argument that the delay between 1919 and 1923 was occasioned by that contract, nevertheless, the reason why defendants permitted the Tanning Company to control the situation may be chargeable to the lenient attitude of William B. Stump prior to 1919 relative to · removing the timber.

Plaintiffs also contend the right of removal contemplates only one entry on the land by defendants; and that having

entered and cut the timber for the tramroad in 1920 they are precluded to re-enter at a later date. The request of plaintiffs in 1922 that defendants remove the timber, and W. B. Stump's letter of October 23, 1923, sufficiently answer that contention.

The decree of the lower court fixed the "saw timber" of 1901 as timber which at the present time measures fifteen inches and over in diameter. The evidence is that "saw timber" in 1901 was timber which then measured twelve inches in diameter and over; and that the average growth since then of that timber, is seven inches in diameter. The ruling of the lower court on the diameter of the trees which the defendants are now entitled to remove is therefore erronous. Instead of fifteen inches and over they should be limited to timber nineteen inches and over in diameter.

With the above modification the decree will be affirmed.

*Modified and affirmed.*