LANGE & CRIST BOX & LUMBER COMPANY, INC.,

*A Corporation*

*v.*

W. P. HAUGHT, *et al.*

(No. 10077)

Submitted February 1, 1949. Decided March 15, 1949.

*Bernard L. Hess,* for appellant.

*Maxwell & Young* and *Haymond Maxwell, Sr.,* for appellees.

HAYMOND, PRESIDENT:

This is a proceeding instituted in the Circuit Court of Harrison County by which the plaintiff, Lange & Crist Box & Lumber Company, Inc., a corporation, seeks a declaratory judgment to determine the title and the right of possession claimed by it to a quantity of timber severed, but not removed, before November 18, 1946, from a tract of land of 246 acres in Doddridge County. The defendants, W. P. Haught, Mayme R. Haught, O. C. Haught, Blanche T. Haught, O. V. Haught, M. Alice Haught, Lillie M. Carson, Dasie E. Batten and Fred S. Batten, the owners of the undivided interests in the land, claim the timber as its owners and, since November 18, 1946, they have refused to permit the plaintiff to take or move it from the premises on which it was cut by the plaintiff from standing trees.

The material facts alleged in the petition, which was challenged by demurrer, are admitted in the answer filed by the defendants, O. V. Haught and O. C. Haught, but these defendants assert, by their demurrer and their answer, that, upon the facts as pleaded, they and the other defendants, as owners of the land, are the owners of the timber and that the plaintiff has neither the title to, nor the right to possession of, any part of it.

By final decree entered October 10, 1947, the circuit court held that the severed timber was the property of the defendants as owners of the land and not the property of the plaintiff. From that judgment the plaintiff obtained an appeal to this Court.

On May 18, 1945, the defendants, owners of the tract of 246 acres of land, by written agreement of that date, sold and conveyed, for the cash consideration of $5,889.75, the timber in question, which was then uncut, and other standing timber of designated size and quality, to The Friend Lumber & Stave Company, a corporation. This agreement contained, among others, these provisions: "All timber purchased as described must be moved from the premises

on or before November 18, 1946."; and: "The PUR-CHASER of this timber is to have egress and regress to remove the timber so described, free from cost to them, until November 18, 1946, at which time this agreement shall become null and void."

By deed dated July 11, 1945, executed by both parties, The Friend Lumber & Stave Company granted and conveyed to the plaintiff, upon stated terms and conditions, the timber which it had purchased under the agreement of May 18, 1945, and timber upon another tract of land. The deed repeated the provision of the agreement that all the timber purchased must be moved from the premises on or before November 18, 1946, and contained an express agreement by the purchaser, the plaintiff, that it would "log and remove all timber covered and conveyed by this deed on or before the 18th day of November, 1946."

After the delivery of the deed of July 11, 1945, the plaintiff entered upon the tract of land of 246 acres and proceeded to cut the timber which it had purchased. Between that date and November 18, 1946, it cut from standing trees 701 logs containing approximately 77,690 feet of lumber, log measure, which it had not taken from the premises on November 18, 1946, and on that day the defendants, O. V. Haught and O. C. Haught, notified the plaintiff to leave the land and not to remove the logs which, prior to that time, it had cut from standing timber. The plaintiff complied with the terms of the notice and removed its equipment from the premises. The logs are still on the land and the defendants, since November 18, 1946, have refused to permit the plaintiff to go upon the land or to remove the logs. In this situation the plaintiff instituted this proceeding.

The plaintiff contends that under the agreement of May 18, 1945, and its deed of July 11, 1945, though its rights in the standing timber on the land expired on November 18, 1946, it has title to the timber severed but not removed from the land prior to that date and, as the owner of the

logs, it has the right to take them from the premises after November 18, 1946, notwithstanding the limitation of time imposed by the provisions of the agreement and the deed. In brief, its position is that those provisions apply only to the standing timber which remained on the land after November 18, 1946, and not to timber which it had cut and severed before that time. On the contrary, the defendants insist that all the rights of the plaintiff, under the agreement and the deed, to any timber on the premises, whether then standing or previously cut from trees, terminated and expired on November 18, 1946, and that after that date all timber not removed on or before that day belonged to them as the owners of the land.

These conflicting contentions present for solution the legal question whether, when a purchaser who has paid for and obtained title to standing timber under a written contract requiring the removal of the timber on or before a specified date and providing that the contract shall become null and void at that time, the grantee of such purchaser who cuts, but does not remove, some of the timber, before the expiration date of the agreement of purchase, owns and may take, after that date, the severed timber from the premises.

Standing timber, before serevance, is realty and the title is in the owner of the land on which it grows. When timber is cut and severed from the land, however, it becomes personal property. These principles of law have been recognized or applied in numerous decisions of this Court. *Null v. Elliott,* 52 W. Va. 229, 43 S. E. 173; *Buskirk Bros. v. Peck,* 57 W. Va. 360, 50 S. E. 432; *Adkins v. Huff,* 58 W. Va. 645, 52 S. E. 773, 3 L. R. A. (N.S.) 649, 6 Ann. Cas. 246; *Keystone Lumber and Mining Company v. Brooks,* 65 W. Va. 512, 64 S. E. 614; *Buskirk v. Sanders,* 70 W. Va. 363, 73 S. E. 937; *Hardman v. Brown,* 77 W. Va. 478, 88 S. E. 1016; *Knight v. Smith,* 84 W. Va. 714, 100 S. E. 504; *Hill v. Vencill,* 90 W. Va. 136, 111 S. E. 478. A conveyance of timber, with a time limit requiring its removal from the land within a specified time, is conditional and grants only such timber as shall

be so removed and the residue belongs to the grantor. *Null v. Elliott,* 52 W. Va. 229, 43 S. E. 173; *Adkins v. Huff,* 58 W. Va. 645, 52 S. E. 773, 3 L. R. A. (N.S.) 649, 6 Ann. Cas. 246.

In *Keystone Lumber and Mining Company v. Brooks,* 65 W. Va. 512, 64 S. E. 614, this Court held that under a deed which conveyed legal title to timber, which contemplated its removal but which did not impose a limit of time for its removal or contain a clause of forfeiture for failure to remove it, the title to the timber was not lost to the purchaser because of such failure, although the opinion indicates that the title of the purchaser was subject to his obligation to remove the timber within a reasonable time. Since the decision in the *Keystone* case this Court has held that a conveyance of timber in which no time for its removal is specified creates an estate defeasible by failure of the grantee to remove the timber within a reasonable time and that a deed of that character will not be construed as a grant in perpetuity unless the intent to convey that right clearly appears from the written instrument. *Joyce v. Gibson,* 106 W. Va. 221, 145 S. E. 279. See also *Stump v. Moore,* 104 W. Va. 513, 140 S. E. 480; *Hill v. Vencill,* 90 W. Va. 136, 111 S. E. 478.

This Court has also held that in a deed granting land, a reservation by the grantor of the standing timber which provided that, if the timber was not cut and removed from the land within six years, it should become the property of the grantees, did not save or retain in the grantor an absolute, but a conditional, title to the timber, and that the unsevered timber remaining after the expiration of the period specified was the property of the grantees. *Hardman v. Brown,* 77 W. Va. 478, 88 S. E. 1016. In *Williams v. McCarty,* 82 W. Va. 158, 95 S. E. 638, 15 A. L. R. 9, this Court held that a contract, between the owner of standing timber upon a tract of land subject to a deed of trust which provided no time limit for the removal of the timber and the trustee in, and the beneficiary under, the deed of trust, which contract contained a provision that the purchaser of the timber at a sale under the deed of trust should have

three years from the time of sale in which to remove the timber, was valid and binding and had the effect of terminating any right of the purchaser to the timber after the expiration of the specified period of time. In the recent case of *Carder v. Matthey*, 127 W. Va. 1, 32 S.E. 2d 640, which involved a reservation and exception of standing timber in a deed for land, this Court recognized and applied the well settled principle that forfeitures are not favored in a court of equity, held that a forfeiture of title to real estate will not be declared or enforced where the conduct of the party seeking the forfeiture has been such as to make it inequitable to do so and rejected the claim to the timber of the plaintiff as the grantee in the deed. The facts of that case, however, clearly distinguish it from the case at bar.

In *Knight v. Smith*, 84 W. Va. 714, 100 S.E. 504, cited and relied upon by the plaintiff, the opinion contains this language: "Our cases hold that although proper consideration must be given to the limitation as to time, so as to effectuate the intention of the parties, nevertheless, when the deed or contract grants or gives right to the timber for a consideration fully paid, and where the purchaser within the time limit has actually cut and severed the timber and thereby converted it from real estate into personalty, he has the continuing right thereafter within a reasonable time to enter or remain upon the land to remove the timber so severed. Our cases in which this rule has been recognized, approved or applied are, *Null v. Elliott*, 52 W. Va. 229, 232; *Adkins v. Huff*, 58 W. Va. 645, 650; *Keystone Lumber Co. v. Brooks*, 65 W. Va. 512, 516; *Buskirk v. Peck*, 57 W. Va. 360, 367; *Buskirk v. Sanders*, 70 W. Va. 363, 369; *Hardman v. Brown*, 77 W. Va. 478, 484." In the *Knight* case the contract provided that the purchaser should pay the owner $700.00 for designated timber on his farm, $350.00 in cash and the residue in eight months, and that the time within which the timber should be removed was the period of two years. In holding that the purchaser, under the contract, had the right to remove the timber severed during the two year period

within a reasonable time following the expiration of the stipulated period, this Court said in the syllabus: "Where by deed or contract one purchases standing timber for a sum paid or stipulated to be paid therefor, and within the time stipulated for removing it actually severs the trees from the ground, he may of right, *unless restrained by the terms of the deed or contract,* enter or continue on the land a reasonable length of time, to remove from the premises the timber so severed." (Emphasis supplied.)

The agreement of May 18, 1945, subject to the terms of which the plaintiff claims to own the severed logs and to have the right to remove them from the premises, closely resembles, in its provisions relating to the payment of the consideration for the timber purchased and the limitation of time within which to remove it, the provisions which deal with those matters in the agreement considered by this Court in the *Knight* case. The agreement now under consideration, however, contains an express provision, the equivalent of which does not appear in the agreement in the *Knight* case, that the purchaser is to have egress and regress to remove the timber, free of cost, until the expiration of the period fixed for its removal, and that at that time the agreement shall become null and void. This language is plain and explicit and indicates clearly that the parties to the agreement of May 18, 1945, intended that on November 18, 1946, the date of the expiration of the period provided for the removal of the timber, the agreement and the rights of the parties existing under it, including the rights of the purchaser to the timber, should completely end and terminate. By the express terms of the instrument, under which the purchaser acquired title to the timber, the title to it and the right to remove that portion which had been severed, as well as the agreement itself, were to continue only until the expiration date of the period within which the timber was required to be removed from the premises. After that time, the agreement ceased to exist and the purchaser no longer held or possessed any right or interest in any of the timber, severed or unsevered, which then remained on the premises. The

express provision which rendered the agreement of May 18, 1945, null and void on November 18, 1946, distinguishes the agreement in the *Knight* case from the instrument now under review. The effect of that provision was to cause the title of the purchaser to all the timber then on the premises to revert to the landowners unless on or before that date it was removed from their land. The plaintiff, holding under the purchaser in the agreement of May 18, 1945, and possessing no right or title superior to that of its grantor, bought the timber with full knowledge that the title which it acquired and its right to remove the timber would cease and determine, under the agreement, on November 18, 1946. Whether timber cut but not removed from the premises within the time limit reverts to the landowner may be determined by the provisions of the contract. 34 Am. Jur., Logs and Timber, Section 38. It is evident that the foregoing statement applies with controlling force to the agreement in this case.

"There is some difference of opinion among the authorities holding that a limitation of the time for cutting and removal of timber is a defeasance, as to whether the ventee forfeits his title not only to the trees standing at the end of the stipulated period but to those cut as well. It would seem that a logical conclusion would result in forfeiting the vendee's title to both, and it has been so held by a number of courts." 34 Am. Jur., Logs and Timber, Section 37. As already pointed out, the decisions of this Court in the cases of *Williams v. McCarty*, 82 W. Va. 158, 95 S.E. 638, 15 A. L. R. 9; *Hill v. Vencill*, 90 W. Va. 136, 111 S.E. 478; *Stump v. Moore*, 104 W. Va. 513, 140 S.E. 480, and *Joyce v. Gibson*, 106 W. Va. 221, 145 S.E. 279, are to the effect that a deed which conveys timber to a purchaser, without providing a time limit for its removal, creates an estate defeasible by the failure of the grantee to remove it within a reasonable time. This Court has also said that a provision limiting the time for removal in a contract for the sale of lumber is a condition of the sale, not a covenant to remove, and that the purchaser of the timber takes only such timber as he may cut and remove within the specified time and the residue is the property of the landowner as part of the land. *Null v. Elliott*, 52

W. Va. 229, 43 S.E. 173. In *Adkins v. Huff*, 58 W. Va. 645, 52 S.E. 773, 3 L. R. A. (N.S.) 649, 6 Ann. Cas. 246, the opinion contains this language: "The authorities are practically uniform in holding that an instrument, granting standing timber, and containing a clause, requiring or permitting it to be removed within a specified time from the date of the grant, gives no absolute and unconditional title to the property. Some courts hold the right of the grantee to be a license, others a lease, and others a defeasible title to the timber. By the great weight of authority, it is determined that no right or title exists in the grantee after the expiration of the time specified in the deed or contract. * * * No distinction seems to be made in this respect between rights conferred by deed and those conferred by contracts which have not the form, nor all the requisites, of a deed." The principles enunciated in those cases apply to and govern the case at bar. Though the purchaser under the agreement of May 18, 1945, acquired from the defendants, the landowners, title to the purchased timber, that title conveyed to the plaintiff by the purchaser by the deed of July 11, 1945, was, by virtue of an express provision of the agreement, rendered defeasible by the failure of the plaintiff to remove the timber from the premises on or before November 18, 1946, at which time the agreement, by its terms, became null and void.

A court, in a proper case, for the purpose of ascertaining the intent of the parties, may interpret the language of a written contract; but it may not change the contract of the parties or make a new or different agreement from that made by the parties themselves. "When the terms of a written contract are clear and unambiguous, full force and effect will be given to the language used by the parties. *Strother, Sale, Curd & St. Clair v. McDowell County National Bank*, 113 W. Va. 75, 166 S.E. 818; *Babcock Coal & Coke Co. v. Brackens Creek Coal Land Co.*, 128 W. Va. 676, 37 S.E. 2d 519, 163 A. L. R. 871; *Adkins v. Aetna Life Insurance Co.*, 130 W. Va. 362, 43 S.E. 2d 372." *Kanawha Banking & Trust Co. v. Gilbert*, 131 W. Va. 88, 46 S.E. 2d 225.

It follows that the judgment of the circuit court, holding that the severed timber consisting of logs cut but not removed from the land on or before November 18, 1946, is the property of the defendants and not the property of the plaintiff, must be, and it is, affirmed.

*Affirmed.*