CARL MAGNUS

*v.*

HALLTOWN PAPER BOARD COMPANY

(No. 10869)

Submitted September 10, 1957. Decided November 5, 1957.

*J. Sloan Kuykendall, Dabney W. Watts,* for plaintiff in error.

*Harry H. Byrer,* for defendant in error.

HAYMOND, JUDGE:

In this notice of motion for judgment proceeding instituted in the Circuit Court of Jefferson County in February, 1956, the plaintiff, Carl Magnus, seeks a recovery of $20,000.00 from the defendant, Halltown Paper Board Company, a corporation, for its alleged breach of a written contract dated April 12, 1954, by which the defendant employed the plaintiff as its vice president and general manager at an annual salary of $20,000.00.

The demurrer filed by the defendant to the notice was sustained. The plaintiff did not ask leave to amend the notice and the circuit court, by final judgment entered May 9, 1956, dismissed this proceeding. To that judgment this Court granted this writ of error on January 21, 1957, upon the petition of the plaintiff.

The notice contains the written contract in its entirety and alleges that the contract, which was prepared by the defendant and is dated April 12, 1954, was entered into between the parties after several weeks of negotiation between them; that pursuant to the contract the plaintiff assumed the duties of vice president and general manager in July 1954; that in April 1955 there was a change of ownership of the property of the defendant which in May 1955 it conveyed to Dillard Investment Corporation, a corporation, the owner of all but two shares of the outstanding capital stock of the defendant; that in May 1955 the operating facilities of the mill formerly owned by the defendant were leased to Valley Board Corporation, a corporation, which subsequently operated the mill; that from May 1, 1955 until June 30, 1955, the plaintiff was employed by Valley Board Corporation and was paid the sum of $1,666.67 per month; that on June 21, 1955, the plaintiff was informed by an officer of Valley Board Corporation that his employment with it would be terminated as of June 30, 1955; that on June 30, 1955, that company paid the plaintiff the sum of $5,000.00; and that the plaintiff was not retained by the new owner of the mill as provided by the contract of employment dated April 12, 1954, between the plaintiff and the defendant.

The written agreement between the parties, in its entirety, except its date, the place of its execution, and the signatures of the parties, is expressed in these terms:

"Agreement of employment between Halltown Paper Board Company of Halltown, West Virginia and Carl Magnus of Dayton, Ohio.

"The Halltown Paper Board Company agrees to employ Carl Magnus as Vice President and General Manager with such authority and responsibilities as are generally applicable to this position, and which are approved by the officers and directors of this Company.

"The compensation for the services of Carl Magnus to be an annual salary of $20,000.00, payable in accordance

with method for payment of salaries paid to other officers; and additional compensation of 3% of the first $75,000.00 of net profits earned in each quarter of the year before the deduction for Federal income taxes. Said additional compensation to be paid quarterly in accordance with established plan for similar compensation paid the other personnel.

"Either party may be released from this agreement by giving ninety (90) days notice to the other.

"In the event of a change of ownership of this company and if Carl Magnus is not retained by the new owners, this company guarantees him his basic salary of $20,000.00 for one year thereafter.

"The above provisions to become effective when Carl Magnus has assumed the duties of the above mentioned office."

Though the defendant asserts numerous grounds to sustain the judgment of the circuit court dismissing this proceeding, the assignment of errors upon which the plaintiff relies for reversal presents the controlling question of the meaning and the effect of that paragraph of the contract which provides that "In the event of a change in ownership of this company and if Carl Magnus is not retained by the new owners, this company guarantees him his basic salary of $20,000.00 for one year thereafter." If under the foregoing provision of the contract and the allegations of the notice to the effect that the plaintiff after the change of ownership was given and accepted employment by Valley Board Corporation, the new owner of the business and the operator of the mill, during the period of two months from May 1, 1955 until June 30, 1955, was paid for his services during that period of time, and as of June 30, 1955 his employment by that company was terminated by its payment to him of his salary for three months in the amount of $5,000.00 in lieu of a 90 day notice to terminate his employment, which allegations on demurrer must be regarded as true, the defendant

is not liable to pay him his basic salary of $20,000.00 for one year after the change of ownership, other contentions of either party need not be considered or determined in the decision of this case.

In the brief and the oral argument in this Court each party concedes that the contract is clear and unambiguous. The plaintiff, however, insists that the effect of the provision relating to the change of ownership and the employment of the plaintiff by the new owners, as indicated by the language used, is that in the event of a change of ownership, if the plaintiff is not employed by the new owners for a subsequent period of one year, at his basic salary of $20,000.00, the defendant will pay him $20,000.00 or such part of that amount as has not been paid to him by the new owners. On the contrary the defendant vigorously contends that the effect of that provision of the contract is that in the event of a change of ownership, if the plaintiff is employed by the new owners for any period of time, the defendant is relieved of any liability to pay him any part of his basic salary of $20,000.00 per year after the change of ownership.

It is obvious that by the incorporation of the provision concerning the employment of the plaintiff by the new owners after any change of ownership the parties to the contract intended that the plaintiff should be employed by the new owners and that if he was not employed by them the defendant would be liable to pay him his basic salary of $20,000.00 for one year after the change of ownership. It is equally obvious, however, that the parties to the contract, by that provision, did not intend that employment of the plaintiff by the new owners should continue, or that he should be retained by them, for the period of one year or for any other specified period of time after the change of ownership occurred, in order to relieve the defendant from liability to pay the plaintiff his basic salary of $20,000.00 for one year after the change of ownership or any part of that amount. Though that provision of the contract requires the defendant to pay the plaintiff his basic salary of $20,000.00 for one year

after the change of ownership if the plaintiff was not retained by the new owners, it does not expressly, or by implication, require the new owners to retain the plaintiff in their employ for any specified period of time.

The omission of any requirement that the plaintiff should be retained or employed by the new owners for any minimum length of time or for any definite period is significant and indicates clearly that it was not the intention of the parties to the contract that the defendant should guarantee that if the plaintiff was retained by the new owners his employment by them should continue for one year or for any other definite period of time after the change of ownership.

If the parties had intended to require the employment of the plaintiff by the new owners for one year after the change of ownership or for any other particular length of time, in order to relieve the defendant of liability to pay the plaintiff his basic annual salary, they could, and doubtless would, have incorporated a provision to that effect in the written contract. To give the provision the meaning and the effect for which the plaintiff contends and to require the employment of the plaintiff by the new owners to continue for one year after the change of ownership, in the absence of any such provision in the contract, would require a court to change or modify the express terms and provisions of the contract. This a court will not do. Only the parties may make a valid contract; and when a valid written contract is clear and free from ambiguity the only function of the court is to give such contract force and effect.

When the language of a valid written instrument is plain and unambiguous such instrument is not subject to judicial interpretation. *Green* v. *Farm Bureau Mutual Automobile Insurance Company,* 139 W. Va. 475, 80 S. E. 2d 424; *Davis* v. *Combined Insurance Company of America,* 137 W. Va. 196, 70 S. E. 2d 814; *Kanawha Banking and Trust Company* v. *Gilbert,* 131 W. Va. 88, 46 S. E. 2d 225. In *Continental Coal Company* v. *Connellsville By-Product*

*Coal Company*, 104 W. Va. 44, 138 S. E. 737, this Court used this pertinent language: "Where parties contract lawfully and their contract is free from ambiguity or doubt, their agreement furnishes the law which governs them. Where the meaning of a contract is clear, a court will not change its terms, in order to relieve a party thereto because the contract is harsh and unreasonable." When the terms of a valid written contract are clear and unambiguous, full force and effect will be given to the language used by the parties. *Kanawha Banking and Trust Company* v. *Gilbert*, 131 W. Va. 88, 46 S. E. 2d 225; *Adkins* v. *Aetna Life Insurance Company*, 130 W. Va. 362, 43 S. E. 2d 372; *Babcock Coal and Coke Company* v. *Brackens Creek Coal Land Company*, 128 W. Va. 676, 37 S. E. 2d 519, 163 A. L. R. 871; *Strother* v. *McDowell County National Bank*, 113 W. Va. 75, 166 S. E. 818; *Griffin* v. *Fairmont Coal Company*, 59 W. Va. 480, 53 S. E. 24, 2 L. R. A., N. S., 1115.

It is clear from the written contract in its entirety that the employment of the plaintiff by the defendant as its vice president and general manager at a basic annual salary of $20,000.00 was not an employment for a period of one year. It was an employment which by the provisions of the contract could be terminated by the defendant at any time upon 90 days notice to the plaintiff or by the plaintiff at any time upon 90 days notice to the defendant. It is also clear that any employment given the plaintiff by the new owners and by him accepted was not required to continue for a period of one year after the change of ownership in order to relieve the defendant of any liability upon its part to pay him his basic salary of $20,000.00 for one year after the change of ownership or any part of that amount.

The written contract of employment between the parties to this proceeding, which provides that if the employee, in the event of a change of ownership of the property of the employer, is not retained by the new owners, the employer will guarantee him his basic salary for one year after the change of ownership occurs, does not ren-

der the employer liable to pay the employee any part of his basic salary for one year after the change of ownership when, after the change of ownership occurred, the employee was given and voluntarily accepted employment by the new owner although such employment continued for a period of only two months and was then terminated by the new owner. Liability of the defendant to pay the plaintiff his basic salary for one year after the change of ownership was contingent upon the failure or the refusal of the new owner to employ the plaintiff. If the Valley Board Corporation, the lessee and the operator of the mill, and as such one of the new owners as those words are used in the provision of the contract relating to the change of ownership and the employment of the plaintiff by the new owners, had failed or refused to employ the plaintiff the defendant would have been liable to pay the plaintiff his basic salary for a period of one year after the change of ownership; but, under the terms and provisions of the written contract, it was not the purpose or the intention of the defendant to assume or incur such liability if, after the new owner had employed the plaintiff, the new owner, at any time before the expiration of one year after the change of ownership, should decide to terminate the employment of the plaintiff for the reason that his services were regarded as unsatisfactory or for any other reason. The allegations of the notice show that the plaintiff was employed by the Valley Board Corporation, the lessee and the operator of the mill, and as its employee was paid for his services at the rate of $1,666.67 per month and that he was retained by it, as its employee, for a period of two months. His employment by that company, as the new owner within the meaning of the contract, relieved the defendant of any liability to pay the plaintiff his basic annual salary which the defendant would have incurred, under the provision relating to the change of ownership, if the plaintiff had not been employed by the new owner.

As there is no prejudicial error in the final judgment of the circuit court it must be and it is affirmed.

*Affirmed.*