UPTON W. MACE

*v.*

SIMON W. CARPENTER AND GEORGE L. LLOYD

(No. 12157)

Submitted September 18, 1962.     Decided October 2, 1962.

*Hyer, Gibson & Talbott, Lycurgus Hyre,* for appellant.

*Bonn Brown,* for appellee.

HAYMOND, JUDGE:

In this civil action instituted January 3, 1961, in the Circuit Court of Upshur County, the plaintiff, Upton W. Mace, seeks a recovery from the defendants, Simon W. Carpenter and George L. Lloyd, for damages alleged to have been caused by them to a certain quantity of timber cut by the plaintiff on a tract of land owned by the defendant, George L. Lloyd, and placed upon an adjoining tract of land of the defendant, Simon W. Carpenter, from which its removal by the plaintiff was prevented by the defendants.

In his complaint the plaintiff prayed that the defendants be enjoined from preventing him from removing any timber which had been cut by him but had not been removed from the land owned by either of the defendants; and the defendant Lloyd, in his answer, sought to recover from the plaintiff damages for cutting certain timber and removing it from the land of the defendant Lloyd and placing it upon the land of the defendant, Simon W. Carpenter, after May 23, 1960, and prayed that the plaintiff and the defendant Carpenter be enjoined from removing such timber from the land of the defendant Carpenter, and that the plaintiff be enjoined from removing from the land of the defendant Lloyd any timber which had been cut by the plaintiff and had not been removed by him from the land of the defendant Lloyd. No injunction was awarded by the circuit court in favor of or against any of the parties.

Upon the trial the jury returned a verdict in favor of the plaintiff against the defendant Lloyd for $442.00, and by direction of the circuit court returned a verdict in favor of the defendant Carpenter, who did not file an answer to the complaint of the plaintiff. By final order entered May 6, 1961, the circuit court confirmed the verdict of the jury in favor of the plaintiff and entered judgment against the defendant Lloyd for the amount of the verdict, with interest and costs. From that judgment this Court granted this appeal upon the application of the defendant Lloyd.

By deed dated May 23, 1945, Hoy Carpenter and his wife, the owners of a tract of land of approximately 111 acres in Washington District, Upshur County, for a cash consideration of $300.00, granted to the plaintiff all the timber, except chestnut and locust timber, then on the land or that might be on it within fifteen years from the date of the deed. The deed contained, among others, these pertinent provisions: "Which timber when removed within the fifteen years shall measure Ten inches, in diameter, Twelve inches from the ground"; "This grant of timber is for a period of Fifteen years from this date, after which time all rights of second party shall terminate and any timber remaining uncut shall revert to first parties without any further notice or action, but second party has fifteen years in which he may cut said timber meeting the measurements as set out above, and an additional year in which to remove any lumber manufactured from said timber within the fifteen year limit. "; "The said parties of the first part do also grant unto second party his heirs or assigns a right of way over the lands of first parties, * * *, with the right to second party to use said right of way in removing other lumber or timber from other lands adjacent to lands of first parties at any time during the life of this grant and an additional year in case second party should need right of way to remove lumber cut off first parties land. "; and "The parties of first part also grants to second party the right to move in a mill for the purpose of manufacturing the timber here sold, * * * ."

By deed dated November 18, 1946, Hoy Carpenter and his wife conveyed the tract of 111 acres of land to Archie Tenney, and by deed dated May 5, 1947, Archie Tenney and his wife conveyed the same land to the defendant, George L. Lloyd. Both of these conveyances were made subject to the deed of May 23, 1945, from Hoy Carpenter and his wife to the plaintiff for the timber involved in this proceeding, and since the deed from Tenney and his wife to the defendant Lloyd he has owned and occupied the tract of 111 acres of land.

After the execution of the deed of May 23, 1945, the plaintiff entered upon the tract of 111 acres of land and during

the years 1947 and 1948 cut and removed 190,000 to 238,000 feet of timber. After that amount of timber was cut and removed the plaintiff did not cut or remove any additional timber from the tract of 111 acres until February 1960. Between February 5, 1960 and May 21, 1960, however, the plaintiff cut most of the recoverable timber then on the tract of 111 acres and between May 21, 1960 and July 30, 1960, he removed a large quantity of the severed timber from that tract of land. Between July 30, 1960 and the early part of November, 1960, the plaintiff did not remove any additional timber from the tract of 111 acres of land or the adjoining tract of land owned by the defendant, Simon W. Carpenter, over which the plaintiff had a right of way for the removal of timber which he should cut and remove from the tract of 111 acres. On or about November 21, 1960, however, the plaintiff attempted to remove some of the severed timber which had been placed on the land owned by the defendant Carpenter, and did remove 13,500 feet of such timber from that land.

On November 23, 1960, the defendant Carpenter notified the plaintiff in writing not to enter upon the land owned by the defendant Carpenter for the purpose of removing any timber on that land which had been cut and removed from the land then owned by the defendant Lloyd, and on the same day the defendant Lloyd likewise notified the plaintiff in writing that his rights under the deed of May 23, 1945 expired on May 23, 1960, and further notified the plaintiff not to remove from the land of the defendant Carpenter any timber which had been cut and removed from the tract of 111 acres and had been placed and then remained on the land of the defendant Carpenter. The amount of timber which had been cut by the plaintiff and which had not been removed from the tract of 111 acres was about 50,000 feet and the amount of timber which had been cut and removed by the plaintiff from that tract of land and which, after May 23, 1960, had been placed and then remained on the Simon W. Carpenter land was estimated by the plaintiff to be about 175,000 feet and by the defendant Lloyd to be about 224,500 feet.

After posting the written notices the defendant Lloyd, with the consent of the defendant Carpenter, barred the plaintiff from entering the tract of 111 acres and the Simon W. Carpenter land for the purpose of removing any of the severed timber by building a fence across the right of way on the Simon W. Carpenter land and placing a "No Trespass" sign on the fence.

The evidence shows that the plaintiff entertained some doubt as to whether his right to remove, after May 23, 1960, any of the timber which had been cut by him prior to that date had expired, and that he made three or four unsuccessful attempts to obtain from the defendant Lloyd an extension of the time within which to cut and remove timber after May 23, 1960; and that the defendant Lloyd in June and in August informed the plaintiff that his rights to the timber had expired on May 23, 1960, and claimed to own the severed timber which remained on the tract of 111 acres and the severed timber which had been removed from that tract and placed on the land of the defendant Carpenter.

Though the deed of May 23, 1945, gave the plaintiff the right to install a mill upon the tract of 111 acres for the purpose of manufacturing lumber from the timber sold to him and the right during an additional year to remove any lumber manufactured from the timber within the fifteen year limit, the plaintiff did not place any mill or manufacture from such timber any lumber upon the premises at any time.

The plaintiff contends that under the deed of May 23, 1945, he had the right to remove, within a reasonable time after the expiration of the period of fifteen years on May 23, 1960, all the timber cut by him on the tract of 111 acres prior to that date; that, though he testified that under normal conditions he could have removed all of the severed timber within a period of approximately six weeks, a reasonable period of time for that purpose had not expired on November 23, 1960, when the fence was placed across the right of way on the Simon W. Carpenter land; and that the plaintiff is entitled to recover for the damage caused to the severed timber on the land of the defendant Carpenter by the action of the defendants in preventing him from removing such timber from

that land. The damages claimed by the plaintiff amount to approximately fifty per cent of the value of the timber on the land of the defendant Carpenter which the plaintiff valued at thirty dollars per each 1,000 feet of such timber.

On the contrary the defendant Lloyd contends that under the deed of May 23, 1945, all the rights of the plaintiff in and to the timber on the tract of 111 acres of land, including the timber which had not been cut, terminated on May 23, 1960; that after that date all the timber, severed and unsevered, belonged to the defendant Lloyd; and that the plaintiff had no right to remove any of the severed timber after May 23, 1960, when the fifteen year period expired.

The defendant Lloyd assigns as error the action of the circuit court (1) in holding that under the deed of May 23, 1945, the plaintiff had the right to remove the severed timber within a reasonable time after the expiration of the fifteen year period, which occurred on May 23, 1960; (2) in holding that the period May 23, 1960 to November 21, 1960 was a reasonable time within which to remove the severed timber; and (3) in refusing to give instructions numbered 1 and 2 offered by the defendant, George L. Lloyd.

The vital and decisive question here presented is whether the rights of the plaintiff in and to the timber, including the right to remove that cut by him on or before May 23, 1960, terminated at that time. If that question is resolved in the affirmative, it will be unnecessary to discuss or consider what was and whether the plaintiff had a reasonable time after May 23, 1960, within which to remove the severed timber or the refusal of the circuit court to give two of the instructions offered by the defendant George L. Lloyd.

The decision of this case is controlled by the holding of this Court in *Lange & Crist Box & Lumber Company, Inc.* v. *Haught,* 132 W. Va. 530, 52 S. E. 2d 695. In that case the plaintiff claimed the right to remove severed timber after the expiration of the period of time specified in a written contract, which contained, among others, the provisions that all timber purchased must be removed from the premises on or before the specified date, that the purchaser of the timber had the right to remove the timber until that date, and that

at that time the agreement should become null and void. This Court held in point 1 of the syllabus that "Under a written agreement between the landowners and a purchaser which, for a cash consideration, conveys standing timber but requires its removal from the land on or before a specified day and expressly provides that at that time the agreement shall become null and void, the title to the timber, acquired by the purchaser or a grantee of the purchaser, is defeasible by failure so to remove it, and after the final day prescribed for its removal such grantee has no right or title to the timber, including that previously severed but not removed from the land." In the opinion, in discussing the effect of the agreement, this Court said: "By the express terms of the instrument, under which the purchaser acquired title to the timber, the title to it and the right to remove that portion which had been severed, as well as the agreement itself, were to continue only until the expiration date of the period within which the timber was required to be removed from the premises. After that time, the agreement ceased to exist and the purchaser no longer held or possessed any right or interest in any of the timber, severed or unsevered, which then remained on the premises."

The provisions of the deed under which the plaintiff claims are identical in effect with the provisions of the agreement in the *Lange and Crist Box and Lumber Company* case. The deed expressly states that the grant of the timber is for a period of fifteen years from its date, that after that time all rights of the grantee shall terminate, and that any timber remaining uncut shall revert to the grantors. It expressly limits the time within which the grantee may cut any of the timber to the period of fifteen years which expired on May 23, 1960. It also gives the grantee an additional year after May 23, 1960, in which to remove any lumber manufactured from the timber within the fifteen year limit; but this provision applies only to lumber manufactured from the timber and does not apply to any severed timber which was not manufactured into lumber within the specified period of time; and as already indicated none of the timber cut by the plaintiff was at any time manufactured into lumber upon the tract of 111 acres of land. The provision that any timber

remaining uncut after fifteen years from the date of the deed shall revert to the grantors without any further notice or action merely emphasizes that in addition to the termination of all the rights of the grantee after fifteen years from the date of the deed the uncut timber then remaining should revert to the grantors and that any right which the grantee would have had to the timber if he had cut it within the fifteen years was one of the rights that terminated at the expiration of the fifteen year period. The provision concerning the reversion of the uncut timber did not in any way modify, limit, or restrict the scope of the provision that all the rights of the grantee, except his right to manufacture lumber from the timber during the fifteen year period, should terminate upon the expiration of that period of time.

Under a deed between the landowners and the purchaser which, for a cash consideration, conveys timber of a specified size upon a designated tract of land for a period of fifteen years from its date, and provides that after that date all the rights of the grantee shall terminate, that any timber remaining uncut shall revert to the grantors without any further notice or action, and that the grantee has fifteen years in which he may cut such timber, and which also provides that he has an additional year in which to remove any lumber manufactured from the timber within the fifteen year limit and a right of way over the land for the removal of timber during the period of fifteen years and for an additional year in case the grantee should need such right of way to remove lumber manufactured from the timber cut on the land, the title to the timber, acquired by the grantee, is defeasible by his failure to cut and remove it during the fifteen year period, and after the expiration of that period of time he has no right or title to the timber, including that previously severed but not removed from the land and which has not been converted into lumber upon the land during an additional period of one year after the expiration of the period of fifteen years from the date of such deed.

In *Knight* v. *Smith,* 84 W. Va. 714, 100 S. E. 504, cited and relied on by the plaintiff, and mentioned and discussed in the opinion in the *Lange and Crist Box and Lumber Com-*

*pany* case, this Court gave recognition to the well established general rule that when a deed or a contract grants or gives a right to timber, for a consideration fully paid, and the purchaser within a specified time limit has actually cut and severed the timber and converted it from real estate into personal property, he has the continuing right within a reasonable time to enter or remain upon the land to remove the timber so severed unless he is precluded by the terms of the instrument from removing the severed timber within a reasonable time. In the *Knight* case this Court said in the syllabus: "Where by deed or contract one purchases standing timber for a sum paid or stipulated to be paid therefor, and within the time stipulated for removing it actually severs the trees from the ground, he may of right, *unless restrained by the terms of the deed or contract,* enter or continue on the land a reasonable length of time, to remove from the premises the timber so severed." (Emphasis supplied.) The deed under consideration in the case at bar, which by its terms expressly terminates all the rights of the grantee from and after the time stipulated, effectively restrains and precludes the grantee from entering or continuing on the land for a reasonable length of time to remove the severed timber, and for that reason this case is distinguishable from and is not controlled by the decision of this Court in the *Knight* case.

The provisions with respect to the rights of the plaintiff in and to the timber granted by the deed of May 23, 1945, are clear and free from ambiguity. They are not subject to interpretation but instead will be given full force and effect. *Magnus* v. *Halltown Paper Board Company,* 143 W. Va. 122, 100 S. E. 2d 201. When the provisions of a written instrument are clear and unambiguous they will be given full force and effect according to their plain terms and provisions. *Lange & Crist Box & Lumber Company, Inc.* v. *Haught,* 132 W. Va. 530, 52 S. E. 2d 695; *Huddleston* v. *Mariotti,* 143 W. Va. 419, 102 S. E. 2d 527; *English Moving and Storage Company, Inc.* v. *The Public Service Commission of West Virginia,* 143 W. Va. 146, 100 S. E. 2d 407; *Magnus* v. *Halltown Paper Board Company,* 143 W. Va. 122, 100 S. E. 2d 201;

*Kanawha Banking and Trust Company, Executor* v. *Gilbert,*
131 W. Va. 88, 46 S. E. 2d 225.

As the plaintiff is not entitled under the provisions of the deed of May 23, 1945, to remove from the premises, after the expiration of fifteen years from that date, any timber which he had cut and severed from the land, the judgment of the circuit court that at the institution of this action the plaintiff had right and title to such timber and the right to remove it within a reasonable time from the lands of the defendants and that the defendant, George L. Lloyd, does not have title to the timber or the right to prevent the plaintiff from removing it from the foregoing lands is reversed, the verdict is set aside, and this case is remanded to that court for a new trial which is here awarded the defendant, George L. Lloyd.

> *Judgment reversed,*
> *verdict set aside,*
> *case remanded*
> *with directions.*