420 S.E.2d 281

**McKENY CONSTRUCTION COMPANY, INC., a West Virginia Corporation, Plaintiff Below, Appellant,**

v.

**TOWN OF ROWLESBURG and Lennon, Smith & Souleret Engineering Company, Inc., a Pennsylvania Corporation, Defendants Below, Appellees.**

**No. 20473.**

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1992.

Decided June 11, 1992.

Everett F. Thaxton, Charles M. Johnstone, II, Thaxton & Daniels, Charleston, for appellant.

Sheila Kae Williams, Kingwood, for appellee, Town of Rowlesburg.

Alfred J. Lemley, Carol Ann Marunich, Furbee, Amos, Webb & Critchfield, Fairmont, for appellee, Lennon, Smith & Souleret Engineering Co.

522

PER CURIAM:

This is an appeal by McKeny Construction Company, Inc. from an order of the Circuit Court of Preston County granting the Town of Rowlesburg and its engineer, Lennon, Smith & Souleret Engineering, Inc., summary judgment in an action brought by McKeny on three construction contracts. On appeal, McKeny claims that there are genuine issues of material fact and substantial legal questions in the case and that under the circumstances the trial court erred in granting summary judgment. After reviewing the record and the questions presented, this Court disagrees. The judgment of the Circuit Court of Preston County is, therefore, affirmed.

A flood which occurred in late 1985 severely damaged water and sewer facilities owned by the Town of Rowlesburg, West Virginia. To correct the damage, the Town of Rowlesburg contracted with Lennon, Smith & Souleret Engineering Company, Inc., to design new facilities. Pursuant to the contract, Lennon, Smith & Souleret Engineering Company developed a proposal which called for three separate construction projects, one for sewer repair, one for a river intake, and one for the construction of a chlorine tank.

After receiving Lennon, Smith & Souleret Engineering Company's proposals, the Town of Rowlesburg invited bids on the three proposed construction projects. The appellant, McKeny Construction Company, Inc., was the lowest responsible bidder and was granted contracts to complete the projects.

The construction contracts, among other things, provided that the Town of Rowlesburg or Lennon, Smith & Souleret Engineering Company could make minor changes in the projects, provided that the changes were of a character as would not materially affect the unit cost of the work involved. The contracts also provided that additional work, not specified in the contracts, could be required by the Town of Rowlesburg and that in the event such additional work was required, the appellant would receive additional compensation.

The provision covering additional work stated:

No claim for an addition to the contract sum shall be valid unless so ordered in writing. Where the work is of such character as provided in (a) above, the Contractor will receive in full payment for such additional work the unit prices shown in the Contract, and in the same manner as if such had been included in the original Contract....

The contracts additionally provided:

Neither the Contractor nor the surety shall be entitled to present any claim or claims to the Owner either during the prosecution of the work or upon completion of the Contract, for additional compensation for any work performed which was not covered by the approved Drawings, Specifications, and/or Contract, or for any other cause, unless he shall give the Owner due notice of his intention to present such claim or claims as hereinafter designated.

The written notice, as above required, must have been given to the Owner, with a copy to the Engineer, prior to the time the Contractor shall have performed such work or that portion thereof giving rise to the claim or claims for additional compensation; or shall have been given within ten (10) days from the date the Contractor was prevented, either directly or indirectly, by the Owner of [sic] his authorized representative, from performing any work provided by the Contract, or within ten (10) days from the happening of the event, thing, or occurrence giving rise to the alleged claim.

As work on the projects progressed, the appellant was directed to make a number of changes and to do a substantial amount of additional work. As a result of the changes, notices for eight changes were given in accordance with the contract, and a total of eight change orders were entered into by agreement and approval by the Town of Rowlesburg, Lennon, Smith & Souleret Engineering Company, Inc., and the appellant. Adjustments to the costs of the contracts were made according to the change orders. The appellant failed to

give notices of certain other additional work, and no written change orders were issued for that work.

In due course, the appellant completed the projects. Thereupon, however, the Town of Rowlesburg paid for the work for which it had contracted and for the work for which it had issued change orders. It, however, refused to pay for the work of which it had received no notice and for which no change order had been issued.

The appellant accepted the payment tendered by the Town of Rowlesburg, and then, after it became clear that additional payment for the additional work would not be forthcoming, instituted the present action. In its complaint, it sought a substantial money judgment against both the Town of Rowlesburg and Lennon, Smith & Souleret Engineering Company, Inc.

In instituting legal action, the appellant ignored an arbitration clause contained in the contracts. That clause stated:

All claims, disputes and other matters in question arising out of, or relating to, this contract or the breach thereof except for claims which have been waived by final payment in accordance with Section 46, shall be decided by arbitration. This agreement to arbitrate shall be specifically enforceable.

The Board of Arbitrators shall consist of three members. Each party shall appoint one arbitrator and shall advise the other party thereof in writing, sent by registered mail. Thereafter, a third member shall be selected by the two so appointed.

The arbitrators shall proceed with diligence to hear the matter and the parties shall have a full opportunity to present testimony. The award shall be made by the arbitrators, or a majority of them, and shall be binding upon the parties, subject to appeal to the courts as provided by the laws of Pennsylvania.

Following institution of the legal action, both the Town of Rowlesburg and Lennon, Smith & Souleret Engineering Company, Inc., filed answers and moved for summary judgment. Subsequently, extensive documentation was submitted to the trial court and the parties argued their motions before the court.

On May 14, 1991, the trial court granted the motions for summary judgment and dismissed the action brought by the appellant with prejudice. In so doing, the court concluded that the appellant was not entitled to additional compensation either from the Town of Rowlesburg or Lennon, Smith & Souleret Engineering Company, Inc., because the appellant had failed to comply with the written notice of additional work requirement of the contracts. The court also found that the contract required that questions relating to additional compensation be arbitrated and that the appellant had failed to submit them to arbitration. The appellant's claims against Lennon, Smith & Souleret Engineering Company, Inc., were, in effect, dismissed because the appellant was not a third party beneficiary to contracts between Lennon, Smith & Souleret Engineering Company, Inc. and the Town of Rowlesburg. Finally, the court found that, under provisions of the contract, final payment by the Town of Rowlesburg to the appellant constituted the release of all claims for additional compensation by the appellant against both the town and against Lennon, Smith & Souleret Engineering Company, Inc.

The court's conclusion that a release had occurred was based on a clause of the contracts which provided that:

The acceptance by the Contractor of the Final Payment shall be and shall operate as a release to the Owner of all claims and of all liability to the Contractor for all things done or furnished in connection with this work and for every act and neglect of the Owner and others relating to or arising out of this work, excepting the Contractor's claims for interest upon the Final Payment, if this payment is improperly delayed. No payment, however final or otherwise, shall operate to release the Contractor or his sureties from any obligation under this Contract or the performance bond.

In the present proceeding, the appellant first claims that the circuit court erred in granting summary judgment and that

there were questions of material fact remaining in the case. Specifically, the appellant argues that factual issues existed as to whether the Town of Rowlesburg and Lennon, Smith & Souleret Engineering Company, Inc., had waived the right to written notice required under the contract and were estopped from claiming the appellant's alleged noncompliance with contract provisions regarding written notice. The appellant also claims that questions of fact exist as to the extent of compensation to which it is entitled and questions of material fact exist as to whether the appellant had accepted final payment on two of the contracts.

■ The basic rule on summary judgment in this State is set forth in syllabus point 4 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), as follows:

If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact.

In the present case, it appears to this Court that the trial court concluded that, based upon the records before it, the contracts between the Town of Rowlesburg and the appellant were clear and unambiguous. Those contracts required the appellant to submit written notices of proposed change orders. The trial court concluded that the appellant had not submitted such written change orders for the monies which it was claiming.

■ It rather clearly appears from the record that the parties entered into extensive, unambiguous written contracts and that those contracts required the appellant to submit written notices of changes altering the contract prices. It also appears that the appellant did submit certain written change orders for which it received compensation. It does not appear that during the proceedings before the trial court the appellant produced any record evidence to establish that the town waived the change order requirement or that the town engaged in such conduct as would justify

its being estopped from relying upon the provisions of the written contract. The fact that written change notices were submitted for some changes suggests that there was adherence to the protocol of the written agreements and that there was not such a disregard for it to justify the conclusion that the Town of Rowlesburg had abandoned it.

The record also suggests that the Town of Rowlesburg tendered to the appellant a check on January 6, 1988, and that other checks were submitted on later dates. The documents submitted indicate that the town made complete payment to the appellant on two of the three contracts. Further, all outstanding amounts due on the third contract were paid, with the exception of $1,000.00, which was withheld because the appellant had failed to complete the third contract by installing a switch. The $1,000.00 was to be paid upon the installation of that switch.

Given the overall circumstances of the record as it has been developed, this Court cannot conclude that the appellant has shown that there is a genuine issue as to any material fact in the case. Accordingly, the Court cannot say that the trial court erred in awarding summary judgment in this case.

The appellant further claims that its claims for payment for extra work should not effectively be barred by the contract provision requiring written notice of intent to present claims for compensation when the parties waived such notice.

■ This Court has indicated that where parties lawfully enter into a contract and their contract is free from ambiguity or doubt the contract furnishes the law which governs their relationships. *See Magnus v. Halltown Paper Board Company,* 143 W.Va. 122, 100 S.E.2d 201 (1957).

It appears that in the present case the parties lawfully entered into the contracts in question and the contracts clearly required that the appellant submit a notice of intent to present claims for compensation beyond that specifically provided by the contracts. On at least eight occasions the

appellant complied with those provisions and was paid for the additional claims. As previously indicated, there is nothing in the record to suggest that the Town of Rowlesburg abandoned the written agreements.

In this Court's view, given the plain and unambiguous language of the contracts which the parties clearly entered into, the appellant has failed to demonstrate circumstances which would justify this Court's allowance of a deviation from the unambiguous language of the contracts.

■ The appellant also claims that it is a member of a class intended to rely upon the plans prepared by Lennon, Smith & Souleret Engineering Company, Inc., and, therefore, may state a claim against Lennon, Smith & Souleret Engineering Company, Inc., in tort.

As previously indicated, a provision of the contracts entered into by the appellant and the Town of Rowlesburg provides that acceptance of final payment constitutes a release of obligations of the parties. Careful reading of that provision also indicates that acceptance of final payments constitutes a release of all claims, even those of parties other than the Town of Rowlesburg relating to or arising out of the work. The language specifically provides: ·

> The acceptance by the Contractor of the Final Payment shall be and shall operate as a release to the Owner of all claims and of all liability to the Contractor for all things done or furnished in connection with this work and for every act and neglect of the Owner *and others* relating to or arising out of this work.... (Emphasis supplied.)

In this Court's view, Lennon, Smith & Souleret Engineering Company, Inc., in this case is properly encompassed in the term "others" since the claims which the appellant is attempting to assert are clearly claims relating to or arising out of the work which was the subject of the contracts. In conjunction with this, this Court notes that in a somewhat similar case it has been recognized that a release of an owner operates to release an engineer in tort. In that case, *Transpac Construction Co. v.*

*Clark & Groff, Engineers, Inc.*, 466 F.2d 823, 829 (9th Cir.1972), the court held that:

> [W]hen a contractor releases the owner upon settlement of a dispute over the amount owed under the contract, the owner's engineer or other supervisory agent is also absolved from like claims, in tort as well as contract.

*See Cox v. City of Freeman, Mo.*, 321 F.2d 887 (8th Cir.1963).

Lastly, the appellant claims that Lennon, Smith & Souleret Engineering Company, Inc., is not entitled to rely upon any of the provisions contained in the contract between the appellant and the Town of Rowlesburg, since Lennon, Smith & Souleret Engineering Company, Inc., was not a party to that contract.

As previously indicated, although Lennon, Smith & Souleret Engineering Company, Inc., was not a direct party to the contract between the appellant and the Town of Rowlesburg, by language in that contract the appellant undertook to release all claims against not only the Town of Rowlesburg, but from others relating to or arising out of the work by accepting final payment for the work under the contracts. In line with the thinking of the Court in *Transpac Construction Company v. Clark & Groff, Engineers, Inc., supra,* this Court believes that the language of the contract, read in conjunction with the actions of the parties, absolves Lennon, Smith & Souleret Engineering Company, Inc., from all claims and that consequently, this last assertion by the appellant is without merit.

For the reasons stated, the judgment of the Circuit Court of Preston County is affirmed.

Affirmed.